Ernest C. ROBINSON and Carlos WILLIAMS
*v.* STATE of Arkansas

CR 78-56                                    569 S.W. 2d 662

Opinion delivered September 5, 1978

*John W. Achor*, Public Defender, for appellants.

*Bill Clinton*, Atty. Gen., by: *James E. Smedley*, Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellants Ernest C. Robinson and Carlos Williams filed a petition in the trial court under Rule 37 of the Rules of Criminal Procedure for post-conviction relief. The petition stated that they were brought before said court to answer charges of assault with intent to kill arising out of a robbery charge in which they had previously been sentenced to a term of years. Appellants further stated that they had pled guilty to the said robbery charge with the understanding that the plea would include all charges against them arising out of the robbery committed previous to the plea.

The State responded alleging that appellants were well and sufficiently advised of the charge of assault with intent to kill as well as their right to a trial by jury and thereafter appellants entered a negotiated plea to the charge of assault with intent to kill.

The trial court in dismissing appellants' petition entered the following order, to-wit:

"On this date this cause came for a hearing on petitioners' motion, and from the motion and response thereto, and from the records and pleadings before the court, the court being well and sufficiently advised, finds that the petitioners' motion is without merit.
It is, therefore, ORDERED and ADJUDGED that petitioners' motion for relief under Rule 37 be denied."

Even though appellants designated the complete record, the record before us contains only the petition, the State's response, the trial court's order and the notice of appeal together with the designation of the record. On that scant record, we cannot understand how the trial court could determine that the appellants' motion was without merit.

Furthermore, Rule 37.3(a) of the Rules of Criminal Procedure provides:

"If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings."

The order entered by the trial court does not comply with Rule 37.3(a), *supra*, in that it does not specify the parts or the files or records that the court relied upon.

For the errors indicated this matter is reversed and remanded for proceedings not inconsistent herewith.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ