Robert Lee RAWLS *v.* STATE of Arkansas

CR 78-121                                        581 S.W. 2d 311

Substituted Opinion on Denial of Rehearing
delivered March 19, 1979
(In Banc)

*Harold L. Hall,* for appellant.

*Bill Clinton,* ATTY. GEN., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. On March 23, 1978, appellant appeared in open court with his appointed counsel (public defender) and entered a plea of nolo contendere. He executed a plea statement wherein he affirmed his understanding of the nature of the charges against him, the possible penalties, and that he waived the right to a jury trial. The record shows the court adequately informed him of the full consequences of such plea and, in fact, stated it amounted to a plea of guilty.

At no time did appellant allege he was innocent. In fact, he apparently freely admitted he had committed rape and battery in the first degree. The prosecuting witness appeared and confirmed that appellant had raped her and committed battery in the first degree upon her. Appellant was committed to the Arkansas Department of Corrections this same day.

On April 17, 1978, appellant filed a Motion to Withdraw Plea of Nolo Contendere. The prosecuting attorney responded on April 19, 1978, and on the same day the court entered an order overruling the motion. It certainly cannot be said there was any undue delay in processing the motion to withdraw plea. The order was made from the record already on file with the court.

Appellant's motion was made pursuant to Rules of Crim. Proc., Rule 26.1 (1976):

(a) The court shall allow a defendant to withdraw his plea of guilty or nolo contendere upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice.

(b) A motion to withdraw a plea of guilty or nolo contendere to correct a manifest injustice is timely if, upon consideration of the nature of the allegations of the motion, the court determines that it is made with due diligence. Such motion is not barred because it is made after the entry of judgment upon the plea. If the defendant is allowed to withdraw his plea after the judgment has been entered, the court shall set aside the judgment and the plea.

(c) Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:

(i) he was denied the effective assistance of counsel;

(ii) the plea was not entered or ratified by the defendant or a person authorized to do so in his behalf;

(iii) the plea was involuntary, or was entered without knowledge of the nature of the charge or that the sentence imposed could be imposed;

(iv) he did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; or

(v) he did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial judge had indicated his concurrence and he did not affirm his plea after receiving advice

that the judge had withdrawn his indicated concurrence and after an opportunity to either affirm or withdraw the plea.

(d) The defendant may move to withdraw his plea of guilty or nolo contendere to correct a manifest injustice without alleging that he is innocent of the charge to which the plea was entered.

(e) In the absence of proof that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right after it has been accepted by the court. At any time before sentence, the court in its discretion may allow the defendant to withdraw his plea if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Appellant's motion for relief is simply that the court denied his motion without making written findings and specifying the parts of the record, or file, relied upon for such ruling. In support of his motion, appellant relies upon *Robinson & Williams v. State,* 264 Ark. 186, 569 S.W. 2d 662 (1978). The above-cited case was a motion pursuant to Rule 37.3(a) and, indeed, does require the written findings as suggested. However, Rule 26.1 does not contain such requirement. Although both Rules are in the nature of post-conviction relief, they serve two different purposes. Rule 37 relates to "Other Post-Conviction Proceedings and Relief." Rule 26 relates only to "Plea Withdrawal." Rule 37 is essentially former Rule 1 and is designed to attack constitutionality, lack of jurisdiction, excess of authorized sentences and sentences otherwise subject to collateral attack. Rule 26.1 is designed for the purpose of allowing a correction of a "manifest injustice." A motion pursuant to Rule 26.1 must be made prior to sentencing. *Shipman v. State,* 261 Ark. 559, 550 S.W. 2d 424 (1977). Therefore, this motion must be considered pursuant to Rule 37.3(a) as it was not timely under Rule 26.1.

The fact that appellant hoped for, or even expected, a lighter sentence than he received is not grounds to allow the plea to be withdrawn. *Cross v. State,* 258 Ark. 553, 452 S.W. 2d 854 (1970). Appellant cites *Robinson & Williams v. State, supra,* as grounds for reversal in the present case. *Robinson* was filed as a Rule 37.3(a) motion and considered as such. We reversed the trial court there because there were no written findings of fact and the court did not specify the parts of the file and records relied upon. We have held that written findings must be made whenever an evidentiary hearing is held. *Orman v. Bishop,* 243 Ark. 609, 420 S.W. 2d 908 (1967); *Fuller v. State,* 256 Ark. 133, 505 S.W. 2d 755 (1974).

We have also considered motions pursuant to Rule 37.3(a) wherein we did not reverse even though there were no written findings of fact or parts of the file or record designated by the court. We did so upon the theory that the record showed conclusively that the motion was without merit, the latest case being that of *Simmons v. State,* CR 78-173, decided on March 5, 1979 [265 Ark. 48, 578 S.W. 2d 12] in which case many other citations are included.

We are considering this case as a Rule 37.3(a) case in spite of its designation as Rule 26.1 because the allegations, or some of them, are cognizable under Rule 37.3(a) and because it was not timely filed to be considered pursuant to Rule 26.1. The order denying appellant relief in this case is stated as follows:

On this date this cause comes on for hearing on motion of defendant, and from the motion, the response thereto, and from the files and records of the court; the court being well and sufficiently advised finds that defendant's contentions are without merit and defendant's motion is hereby denied.

Obviously it does not make findings of fact, nor designate the parts of the file or record relief upon. The order does state the matter came on for hearing on April 20, 1978, but the record of the hearing, if one was held, is not in the transcript nor has it been furnished otherwise.

The entire record has been furnished to this Court, and we are able to determine from the record that it conclusively demonstrates that the motion is without merit. However, we would have been unable to do so based solely upon the order of the court because it failed to make written findings of fact specifying the parts of the files or records that are relied upon to sustain the court's findings, as required by Rules of Crim. Proc., Rule 37.3(a).

Affirmed.