Robert Lee RAWLS, Appellant,

v.

James MABRY, Commissioner, Arkansas Department of Correction, Appellee.

No. 80-1337.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1980.

Decided Oct. 2, 1980.

Victor A. Fleming, Hoover, Jacobs & Storey, Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen., Little Rock, Ark. by James F. Dowden, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Robert Lee Rawls appeals from the dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976), alleging that 1) he was denied effective assistance of counsel; 2) his plea of *nolo contendere* to the rape charge was not voluntary; and 3) he was denied a full and fair state appellate process. We affirm.

In October of 1977, Rawls was arrested on charges of rape and first degree battery. Represented by the Public Defender's Office of Little Rock, Arkansas, Rawls entered a plea of *nolo contendere* in the Pulaski County Circuit Court to both charges. After questioning Rawls extensively about his understanding of the charges and the plea, the court accepted the *nolo contendere* plea and sentenced him to thirty years on the rape charge and ten years on the battery charge, the sentences to run consecutively.

Rawls subsequently sought to withdraw his plea pursuant to the Arkansas Rules of Criminal Procedure. The motion was denied by the trial court, and he then appealed to the Arkansas Supreme Court. That court found petitioner's motion to be without merit. *Rawls v. State*, 264 Ark. 954, 581 S.W.2d 311 (1979).

Rawls then filed this petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas. After an evidentiary hearing was held, Magistrate Henry L. Jones, Jr., recommended dismissal of the petition. United States District Judge William R. Overton adopted the magistrate's findings and conclusions in their entirety and ordered a dismissal of the petition.

In support of his contention that he was denied effective assistance of counsel and that his plea on the rape charge was not voluntary, Rawls alleges that his attorney inadequately prepared for his case, inadequately investigated his defense of consent, pressured him into pleading *nolo contendere*, and prevented him from making any statement or asking questions at his plea hearing.

After carefully reviewing the record in this case, we approve the findings and conclusions of Magistrate Jones adopted by the federal district court.[1] Accordingly, we affirm the district court's dismissal of Rawls' habeas corpus petition.

APPENDIX

"The Court received a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Robert Lee Rawls, an inmate of the Cummins Unit of the Arkansas Department of Correction, challenging the constitutionality of his confinement. The

---

1. The pertinent portion of the magistrate's findings and conclusions are reproduced in the appendix to this opinion. We do not need to reach the issue of whether the state appellate court denied Rawls a full and fair hearing as

Rawls raised his constitutional claims in this habeas corpus proceeding and was accorded a full and fair hearing in the federal district court.

petitioner entered a plea of nolo contendere in the Pulaski County Circuit Court to the charges of rape and battery in the first degree, and was sentenced to thirty years and ten years on the respective charges, the sentences to run consecutively. He subsequently filed a pro se motion to withdraw his plea pursuant to Rule 26.1 of the Arkansas Rules of Criminal Procedure, alleging that the sentence was in excess of the plea agreement; that the facts and evidence did not justify the sentence; that he had been denied effective assistance of counsel; and that his plea had not been voluntary. This motion was denied by the trial court and petitioner appealed to the Arkansas Supreme Court, which treated the motion to withdraw the plea as a motion for post–conviction relief under Rule 37.3(a) of the Arkansas Rules of Criminal Procedure, because it was not timely under Rule 26.1. The Arkansas Supreme Court found that petitioner's motion was without merit. *Rawls v. State*, 264 Ark. 954 [581 S.W.2d 311] (1979).

Mr. Rawls then filed the present petition for a writ of habeas corpus, alleging that his confinement was unconstitutional. He subsequently filed an amended petition alleging the following grounds for the issuance of the writ: (1) He was denied a full and fair hearing on the plea accepted by the Pulaski County Circuit Court; (2) He was denied a full and fair appellate process; (3) He was denied effective assistance of counsel; (4) His plea was not voluntary; and (5) Grounds 1, 2, and 3, when considered together, constitute a denial of due process.

The respondents filed a motion to dismiss for failure to exhaust, which was denied. A petitioner must exhaust available and adequate state remedies before invoking federal habeas corpus jurisdiction. 28 U.S.C. § 2254. This requirement is satisfied when the same evidence and issues already decided by direct review in the state courts are presented in the petition for federal habeas corpus. *Eaton v. Wyrick*, 528 F.2d 477 (8th Cir. 1975). The Arkansas Rules of Criminal Procedure provide that there shall be no direct appeal from a plea of guilty or nolo contendere. Rule 36.1 of the Arkansas

Rules of Criminal Procedure. Therefore, the only remedy available to petitioner was in the form of a petition for post–conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. Rule 37.2(b) states: 'All grounds for relief available to a prisoner under this rule must be raised in his original or amended petition. Any grounds not so raised or any grounds finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence or in any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence may not be the basis for a subsequent petition.' The Arkansas Supreme Court has held that a petitioner is not entitled to file a second petition for relief. *Winberry v. Ark.*, 256 Ark. 65 [505 S.W.2d 497] (1974). *See also, Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979).

Because the Arkansas Supreme Court considered petitioner's motion to withdraw his plea as a motion under Rule 37.3(a) and explicitly stated that it had considered the entire record and concluded that the motion was without merit, this Court believes that petitioner has exhausted his state remedies. There is no indication that the Arkansas Supreme Court would consider a second petition under Rule 37 and this Court will not require petitioner to file repetitious or futile applications in the state court.

An evidentiary hearing on petitioner's motion for a writ of habeas corpus was held on December 4, 1979, at the United States Courthouse in Pine Bluff, Arkansas. Petitioner was present and testified and was represented by Mr. Victor Fleming. Respondent was represented by Mr. Ray Hartenstein, Assistant Attorney General for the State of Arkansas.

The evidence presented at the hearing revealed that on October 28, 1977, petitioner was charged with rape and first degree battery and John W. Achor, Public Defender for the Sixth Judicial District of Arkansas was appointed to represent him. Mr. Achor testified that he first visited petitioner in October or November, before his ap-

pearance for plea and arraignment in November, at which time petitioner pled not guilty. According to Mr. Achor, at this point petitioner insisted that the sexual intercourse with the prosecutrix had been voluntary and that the violence had occurred afterwards. Mr. Achor stated, however, that the petitioner's position changed and that he vacillated between innocence and an assertion that the victim wanted to drop the charges against him. He further testified that sometime before the trial date, petitioner admitted his guilt and that an understanding was reached with the prosecutor that petitioner would plead guilty.

On March 23, 1979, petitioner withdrew his not guilty plea and entered a plea of nolo contendere. Mr. Achor stated that he explained to petitioner that if he pled guilty he would have to give the details of the crimes in court and petitioner decided that, because he wanted to save his marriage and did not want to have to recite the facts in front of his wife, he would plead nolo contendere. It was Mr. Achor's testimony that he explained the meaning of a nolo contendere plea and that he was certain that petitioner understood that it was tantamount to a plea of guilty and that he would be sentenced. In addition, Mr. Achor explained that he interrupted petitioner at one point in the proceedings (one of the issues raised in this petition) because he was afraid that petitioner might say something which would give the prosecutor the opportunity to question the victim about the circumstances surrounding the rape and he wanted to avoid this, if possible.

Mr. Ernest McDaniel, an investigator for the Public Defender's Office, testified that he was assigned to investigate the case and during the investigation talked with the petitioner fifteen to twenty times. He stated that petitioner asked him to contact the victim because he had heard that she wanted to drop the charges. When Mr. McDaniel talked to the victim, however, she indicated that she wished to proceed. Mr. McDaniel stated that, when confronted with the discrepancy, the petitioner confessed his guilt to him and asked what kind of sentence he thought he would get. Mr.

McDaniel then reported his conversation with petitioner to Mr. Achor. He stated that this discussion took place several days before the plea, because he remembered that he saw the petitioner again before he entered his plea of nolo contendere in circuit court.

The petitioner testified that Mr. Achor visited him only two times before his plea and arraignment and that he never changed his version of what happened. He continued to assert that the sexual intercourse was voluntary and that the violence occurred afterwards. It was his testimony that Mr. Achor never advised him of a possible defense, only stayed about thirty minutes during each visit, and that they did not discuss the case the day of plea and arraignment. The next time that petitioner talked to Mr. Achor was one week before the trial date, in March 1978. At that time, Mr. Achor told him that he had seen the prosecutor's file and the photos of the victim, that the case had become more complicated, and that 'things were looking bad.' Petitioner stated that he still thought he was going to have a jury trial and that he had not changed his story.

Petitioner testified that Mr. McDaniel and Mr. Achor visited him two days before the trial date and went over his case with him. Mr. Achor came the next day and brought the 'waiver of a jury trial' form and petitioner signed it. It was petitioner's testimony that he did not tell Mr. Achor that he wanted to plead guilty but they discussed a plea and he told Mr. Achor that he would plead guilty to the battery charge, but not to rape.

Petitioner stated that on the day of the trial, he thought he would have a trial before a judge. He and Mr. Achor met four times that day: in the conference room at the jail, in chambers at the courthouse, in the lock-up; and in a room near the lock-up where Mr. Achor brought him the plea statement. Petitioner testified that Mr. Achor did not explain the plea statement but threatened him with 'big time' if he did not sign it, and he then told

Mr. Achor that he would plead no contest to battery.

Petitioner further testified that he did not understand that he was admitting guilt to rape or that he was being sentenced. He stated that he did not know until the day of the trial that the victim was not going to drop the charges, and that he answered all of the judge's questions because he thought he was going to get a lighter sentence and that he was pleading to assault, but not to rape.

When petitioner entered his plea of nolo contendere, the prosecuting witness was questioned concerning the statement of facts by the prosecutor. In addition, the petitioner was questioned extensively by the Court:

THE COURT:

You have heard the statement by the prosecutor. Is his statement correct as to the facts?

MRS. WILBURN:

There are some things exactly like that. He did threaten to kill me and some other things about the rape that was—

THE COURT:

(Interposing) All right. You understand that you are entitled to have a trial by jury in this case and have them determine your guilt or innocence as well as fix the punishment in this case?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

You have signed a waiver of that right?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

You are charged with rape and battery in the first degree and you could receive from five years to life and a thirty thousand dollar fine, either one or both.

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

Do you understand?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

Do you understand you are entitled to call witnesses in your own behalf and cross examine the witnesses called by the State?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

And knowing all of this you do not contest the statement of the State which is confirmed by the victim in this case of the offense of rape and assault, battery in the first degree? You do not wish to contest the charge? You are entering what is the same as a guilty plea although it is—you are not admitting the facts specifically?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

Do you understand that?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

With all of this in mind do you still wish to enter your plea of guilty, I mean nolo contendere, which as I stated to you earlier?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

Do you have any questions?

DEFENDANT RAWLS:

No sir. I don't have any questions. I just thought maybe you could, you know, ask me, you know, something like it would—the individual, she said awhile ago same some of it—

MR. ACHOR:

(Interposing) Just be quiet.

DEFENDANT RAWLS:

Yes, sir.

MR. ACHOR:

He is so nervous.

DEFENDANT RAWLS:

I didn't quite know what you are saying. I understand what you are saying. I never had this before. That is the reason I was talking like that so I am sorry.

THE COURT:

Well, is there some question about this defendant being guilty of this charge?

MR. ACHOR:

No, sir.

MR. ALLEN:

No, sir.

THE COURT:

Is there some question in your mind about this charge as to whether or not you are actually guilty of this? I understand you are not pleading guilty. You are pleading nolo contendere but it is the same as a guilty plea. I want to know if there is any question about whether or not what she says and what the prosecutor says is true?

DEFENDANT RAWLS:

Yes, sir.

THE COURT:

Is there any question about it?

DEFENDANT RAWLS:

No, sir. No question.

THE COURT:

Okay. Then I accept your plea of guilty or nolo contendere, excuse me. All right.

(Tr. 10–13)

On April 17, 1978, petitioner filed a motion to withdraw the plea of nolo contendere under Rule 26 of the Arkansas Rules of Criminal Procedure. The motion was denied by the Pulaski County Circuit Court and petitioner filed his Notice of Appeal on May 4, 1978. Mr. Achor was appointed to represent petitioner on appeal and on June 20, 1978, petitioner filed a motion to dismiss counsel, which was granted. Mr. Harold Hall was appointed as petitioner's counsel and he appealed the denial of the motion on the ground that the trial court had not made written findings.

Petitioner attacks his confinement on several grounds. He first contends that he was denied a full and fair hearing when he entered his plea in Pulaski County Circuit Court. In support of this, he alleges that the prosecuting witness was not allowed to fully respond to the Court's inquiry as to whether the prosecutor's statement of facts was correct; that the petitioner was prevented from making a statement or asking any questions by his own attorney; and that the statement of facts by the prosecutor at the hearing did not set forth all of the elements of the charge of rape.

Petitioner next contends that he was denied effective assistance of counsel. In support of this contention, petitioner alleges that he and Mr. Achor spent less than one hour discussing his case; that Mr. Achor did not visit or confer with him during the three months prior to the entry of his plea of nolo contendere; that Mr. Achor told him he would receive a severe sentence if he chose to proceed with a jury trial; and that Mr. Achor pressured him into pleading nolo contendere and at the same time led him to believe that he was pleading only to the charge of battery and that the rape charge would be dropped. In addition, petitioner alleges that no witnesses were subpoenaed to testify for him, that counsel failed to pursue the defense of consent and that counsel never explained the possible sentences if he chose to plead to the offenses, nor did he explain the parole eligibility laws.

Petitioner's third contention is that his plea was involuntary and was not intelligently made because it was based upon, and a direct result of, the above allegations concerning the hearing and the ineffectiveness of counsel's representation. Because these assertions are so intertwined and ultimately lead the Court to a consideration of the plea, they will be considered together.[1]

A plea of nolo contendere is a 'plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to

---

1. It is possible that a defendant may be denied effective assistance of counsel and still enter a voluntary plea. Petitioner asserts ineffective assistance of counsel as an independent ground for relief, but incorporates the same arguments and factual assertions into his argument that his plea was involuntary. In this case, a decision as to effective assistance of counsel would be the same, whether considered as an independent ground or as part of the voluntary plea argument.

a trial and authorizes the court for purposes of the case to treat him as if he were guilty.' *North Carolina v. Alford*, 400 U.S. 25, 35 [, 91 S.Ct. 160, 166, 27 L.Ed.2d 162] (1970). Because the practical consequences of pleas of guilty and nolo contendere are the same, the same standards should apply to each. *Cf., Alford, supra* at 37 [, 91 S.Ct. at 167]. (When a defendant pleads guilty an express admission of guilt is not a requisite to the imposition of a criminal penalty.)

A plea of guilty embodies the waiver of several constitutional rights; accordingly, the acceptance of a guilty plea must be approached with 'utmost solicitude.' *Boykin v. Alabama*, 395 U.S. 238, 243 [, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274] (1969); *see also, Knight v. State of Minnesota*, 484 F.2d 104, 106 (8th Cir. 1973). Although a guilty plea entered with the effective assistance of counsel is presumptively valid, *Winford v. Swenson*, 517 F.2d 1114, 1118 (8th Cir.), *cert. denied*, 423 U.S. 1023 [, 96 S.Ct. 464, 46 L.Ed.2d 396] (1975), the record still must affirmatively show that the plea was voluntary. *Boykin v. Alabama, supra; Griffith v. Wyrick*, 557 F.2d 109 (8th Cir. 1975). In short, 'the fundamental test is whether the plea of guilty was "an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences."' *Watkins v. Salem*, 571 F.2d 435, 437 (8th Cir. 1978), *quoting McMann v. Richardson*, 397 U.S. 759, 766 [, 90 S.Ct. 1441, 25 L.Ed.2d 763] (1970).

To apply this standard, the Court must first determine whether petitioner received effective assistance of counsel.

The standard for determining the adequacy of counsel is whether the trial counsel exercised 'the customary skills and diligence that a reasonable competent attorney would perform under the similar circumstances.' *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844 [, 98 S.Ct. 145, 54 L.Ed.2d 109] (1977). There is a presumption that counsel has rendered effective assistance. *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.); *cert. denied*, 429 U.S. 868 [, 97 S.Ct. 178, 50 L.Ed.2d 148] (1976).

To overcome the presumption, appellant must show that: (1) there was a failure to perform an essential duty owed by the defense attorney to his client; and (2) that the failure prejudiced the defense. *McQueen v. Swenson*, 498 F.2d 207, 218 (8th Cir. 1974).

*DuPree v. U. S.* [, 606 F.2d 829, 830] (8th Cir. Oct. 10, 1979).

The Court does not credit petitioner's contentions concerning counsel's preparation for trial. It is apparent from the testimony of Mr. Achor and Mr. McDaniel that the case was thoroughly investigated, that petitioner was interviewed several times, and that Mr. McDaniel reported all information uncovered by him to Mr. Achor. Mr. Achor testified that he interviewed petitioner's minister and the prosecuting witness. Mr. Achor and Mr. McDaniel both testified that it was the petitioner who initially suggested entering a plea when he was confronted with the fact that the prosecuting witness would not drop the charges. Mr. Achor testified that he discussed the possible sentences with petitioner and that the discussion included a consideration of petitioner's prior record. Petitioner has failed to show that counsel did not exercise the customary skills and diligence of a reasonably competent attorney under similar circumstances.

This determination raises the presumption that the plea is valid, *Winford v. Swenson, supra*, and leads the Court to the consideration of whether petitioner's plea was 'an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.' *Boykin v. Alabama, supra*. This Court finds that it was.

It is true that petitioner was interrupted by his counsel at one point and told to be quiet. Mr. Achor testified at the evidentiary hearing that, based on the prosecuting witness' testimony at the preliminary hearing, Petitioner's Exhibit B, it was his strategy to try and prevent petitioner from saying anything that would open a discussion of the details of the crime before the Judge.

The Court cannot speculate on what might have been said by either the petition-

er or the prosecuting witness, and the Court will not second guess counsel's judgment when it relates to strategy calculated to benefit the petitioner. *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979). The testimony found in Petitioner's Exhibit B was extremely damaging to petitioner.

A plea cannot be voluntary unless the defendant has received adequate notice of the offense to which he pleads. *Henderson v. Morgan*, 426 U.S. 637 [, 96 S.Ct. 2253, 49 L.Ed.2d 108] (1976). In *Henderson* the Court seemingly approved a standard by which to judge the voluntariness of a plea which would not require a 'ritualistic litany of the formal legal elements of an offense' but rather would permit an examination of the 'totality of the circumstances' to determine whether the 'substance of the charge, as opposed to its technical elements, was conveyed to the accused.' *Id.* at 644 [, 96 S.Ct. at 2257.] Henderson's plea was found to have been involuntary but the Court emphasized that the trial court had specifically found that the defendant had had no notice of the charges, either from the Court or from his counsel.

Applying this standard to the present case, it is obvious that petitioner knew that he had been charged with rape, that one of the elements of rape was the use of force and that he was pleading nolo contendere to the charge of battery in the first degree *and* rape. Petitioner appeared at a preliminary hearing on October 13, 1977, at which the victim testified that the petitioner held a knife on her and threatened to kill her while they had sexual intercourse. When petitioner entered his plea of nolo contendere in circuit court, the judge informed him that he was charged with rape and battery in the first degree and questioned him concerning whether he understood the charges [2] and whether he waived his right to a jury trial. Therefore, the prosecutor's failure to technically include all of the elements of the offense was harmless.

The trial court questioned petitioner extensively and at one point when it appeared that petitioner was confused, the Court made further inquiry as to whether there was a factual basis for the plea and as to whether there was any question that what the prosecutor had stated as the facts actually took place. The petitioner assured the Court that the statement was true. An analysis of the state court record clearly demonstrates that the petitioner's plea of nolo contendere was entered voluntarily and with the effective assistance of counsel.

\* \* \* \*

THEREFORE, IT IS ORDERED that this petition be, and it is hereby dismissed with prejudice."

---

**2.** Although the state court used the term 'charge' when in fact there were two charges, this Court is convinced that, given the surrounding circumstances, petitioner understood that he was pleading guilty to two charges.