Connie LASCANO *v.* STATE of Arkansas

CR 81-112                                   669 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst,* by: *Harold E. Wurst;* and *Lessenberry & Carpenter,* by: *Jack Lessenberry,* for petitioner.

*Steve Clark,* Atty Gen., by: *Theodore Holder,* Asst. Atty Gen., for appellee.

PER CURIAM. Petitioner Connie Lascano was found guilty of first degree murder in the death of Jeanie Hunt, wife of Ben Hunt with whom petitioner was having an affair. A sentence of 35 years was imposed. We affirmed. *Lascano* v. *State,* 275 Ark. 346, 631 S.W.2d 258 (1982).

Petitioner did not testify at her trial. She now alleges

that she would have done so except for threats made by two unnamed men who were friends of Ben Hunt to beat and rape her daughter if she testified as to the identity of Mrs. Hunt's murderer. She also states that she was beaten by the men in an attempt to frighten her into remaining silent, but that the beatings without the treats to her daughter would not have kept her from taking the stand. Petitioner alleges that counsel's assistance was ineffective in that he knew of the threats and beatings and did not inform the trial court of them. Petitioner's trial counsel in an affidavit attached to the petition states that he advised petitioner to testify but she refused to do so. He avers that he was aware of petitioner's claims of having been beaten and threatened and that he believed at trial that the threats against her daughter kept her from testifying. He attempted to withdraw from the case, stating to the Court that he did not want to be a part of petitioner's "fraud" on the court. He explained the fraud as her being willing to go to prison for a homicide she did not commit. He did not mention petitioner's allegations of threats and beatings, although he now says that her refusal to testify was the reason he sought to withdraw.

Before trial petitioner confessed that she shot Mrs. Hunt four times after an argument over her love affair with Ben Hunt. On appeal, the admissibility of that confession was upheld. She alleges in this petition that the confession was false and that she would have told the truth if she had not been too frightened to testify. She has affixed to this petition a lengthy statement in which she states that when she went to Mrs. Hunt's home she found her already dead; and, assuming that Ben Hunt killed her, she tried to cover up his involvement in the crime.

It appears from counsel's affidavit that he believed it was in petitioner's best interest to testify. The fact that she chose not to do so is not in itself proof of ineffective assistance of counsel since an accused, not her attorney, must decide whether to take the stand. *Watson* v. *State*, 282 Ark. 246, 667 S.W.2d 953 (1984). Counsel concedes, however, that he believed petitioner's refusal to testify was based directly on fear of harm to her child. He states that his attempt to withdraw as counsel was caused by her refusal to testify. He

had observed bruises on her face and arm which he concluded came from a beating. A psychologist by affidavit avers that she also saw bruises on petitioner's face. Petitioner told the psychologist that she was afraid to tell the court about the beatings and threats but agreed that the psychologist could tell her attorney which the psychologist did.

To prevail on an allegation of ineffective assistance of counsel a petitioner must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* v. *Washington,* ___ U.S. ___, 104 S.Ct. 2052 (1984). While we cannot say that the jury would have believed petitioner's testimony in light of the evidence against her, it is clear that she had the right to testify if she so chose. As she has alleged that she was denied that basic right because of outside coercion, we grant permission for an evidentiary hearing in the trial court with respect to: (1) whether counsel was aware of the coercion; (2) whether counsel was under a duty to inform the court of more than simply his desire to withdraw; and (3) whether under the totality of the circumstances as developed at the hearing petitioner was adequately represented by counsel.

Petitioner has raised other grounds for relief but none has merit. Accordingly, in all other respects the petition is denied.

Granted in part and denied in part.