Rory D. MORRISON *v.* STATE of Arkansas

CR 85-222                      707 S.W.2d 323

Supreme Court of Arkansas
Opinion delivered April 28, 1986

Skaggs & Chase, by: *Michael C. Chase*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant pleaded guilty to and was convicted of rape, nine counts of burglary, and eight counts of theft of property. The circuit judge who accepted the plea and entered the conviction later received a letter in which the appellant alleged his counsel told him that his sentences would be concurrent rather than consecutive and that this constituted "misrepresentation." The judge treated the letter, which said it was a habeas corpus petition, as a petition for relief under Ark. R. Crim. P. 37 and denied it without a hearing. The only issue raised in this appeal is whether it was improper to deny relief without holding a hearing. We hold it was not improper, and thus we affirm.

Rule 37.3(a) provides:

> If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings.

Rule 37.3(c) provides that if the motion is not decided in accordance with subsection (a) a hearing shall be granted. The clear implication is that if the motion can be decided on the record

no hearing is required. If the record does not show conclusively that the motion should be denied, a hearing must be held. *Cusick v. State*, 259 Ark. 720, 536 S.W.2d 119 (1976).

When the judge inspected the record in this case, he found a statement of the plea arrangement, signed by the appellant, his counsel and a deputy prosecutor providing clearly that the sentences of ten years for rape and twenty years for the other offenses were to run consecutively but concurrently with "any Missouri convictions." In open court the deputy prosecutor said the Arkansas sentences were to run consecutively. The record shows the court took the sentencing recommendation under consideration for a week. When he announced his decision to accept the plea, he clearly stated the ten years for rape and the twenty years for the other offenses were to be served consecutively. The record thus clearly showed that the appellant was or should have been aware that his sentences were to run consecutively regardless of what his counsel might have told him.

The appellant relies on a garbled statement by his counsel, which appears in the record, which could be interpreted as showing his counsel understood the Arkansas sentences would run concurrently. In view of the clear showing that the appellant, the court, and the prosecution understood to the contrary we hold this record shows conclusively that the petition is without merit.

■ In addition, the petition is deficient as it does not state that the appellant would not have pleaded guilty but for the misrepresentations alleged. He has shown no prejudice. *Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983).

■■ Although it was not argued in this appeal we note that the trial judge did not make specific reference to the parts of the record he relied on to deny the petition as required by the rule, and that is reversible error. *Robinson* v. *State*, 264 Ark. 186, 569 S.W.2d 662 (1978). However in *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979), we held that if the entire record conclusively shows that the petition was without merit we will affirm, even though the trial court failed to make written findings of fact specifying the parts of the record that were relied upon to sustain the denial.

It was not error for the trial judge to deny the petition

without a hearing.

Affirmed.

Purtle, J., not participating.