Edward OWENS *v.* STATE of Arkansas

CR 87-29                                          729 S.W.2d 419

Supreme Court of Arkansas
Opinion delivered May 26, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y

Gen., for appellee.

PER CURIAM. The petitioner Edward Eugene Owens was found guilty by a jury of rape and sentenced to twenty years imprisonment. The Court of Appeals affirmed. *Owens* v. *State*, CA CR 84-92 (November 14, 1984). Petitioner has now filed a timely petition to proceed pursuant to Criminal Procedure Rule 37. We find that some of the allegations contained in the petition present fact questions which cannot be resolved without a hearing and therefore grant permission for the petitioner to file a petition in circuit court for an evidentiary hearing limited to certain allegations raised in the instant petition. We find no reason to grant the motion to amend the instant petition since the amendment contains no allegations not included in the original petition.

Petitioner alleges that his attorney Arthur Allen, a deputy public defender, was ineffective in that he failed to interview and subpoena to testify J. C. Cash, Arthur Cash, Carl Stewart and Osie Jones. He contends that on February 22, 1984, when counsel visited him for the first time at the county jail he told counsel that the four men had been with him and the victim in the house where the rape was alleged to have occurred. He further informed counsel that the men would testify that during the two-and-one-half hours they were there the prosecutrix who is deaf wrote several notes to them offering to have sexual relations in exchange for drugs and money and that she was not held against her will as she testified. He contends that Osie Jones would have testified that he and the woman left the house for a time to buy liquor and beer and returned. Petitioner argues that since the trial began on February 29, 1984, counsel had not allowed himself enough time to contact the potential witnesses and secure their presence in court.

Petitioner also alleges that the prosecutrix and the men at the house wrote some thirty to thirty-five notes, the contents of which would have tended to prove that she was present by choice but that only five of the notes were introduced into evidence at trial because counsel did not act to secure the notes from the house. The prosecutrix testified that other notes were written but said that only petitioner and a co-defendant Robert Orilcek were present when the rape occurred. Petitioner states that while he was in custody after arrest, he arranged for Isaac Johnson to go to

the house to gather the notes and deliver them to counsel. He asserts that Johnson was able to find only a few of the notes because the house had been ransacked during his absence. Petitioner states that he would have given his house key to counsel immediately after he was arrested so that the notes could have been retrieved if counsel had not delayed in seeing him.

The State has attached to its response to petitioner's allegations, the affidavit of Arthur Allen in which he avers that petitioner gave him the name of only one witness, Leroy Porch. Counsel also states that petitioner did not tell him that there were any other notes to be retrieved from his residence.

When an allegation rests on whether witnesses should have been called at trial, it is incumbent on the petitioner to name the witnesses, provide a summary of their testimony and establish that the testimony would have been admissible into evidence. *See Tackett* v. *State*, 284 Ark. 211, 680 S.W.2d 696 (1984). Petitioner here has identified the witnesses by name and provided a summary of their prospective testimony. If the witnesses were present at the time the offense was alleged to have occurred, their testimony concerning the events which transpired would have been admissible.

The testimony of the prosecutrix, which was contradictory in several instances, formed the core of the case against the petitioner. In light of her conflicting testimony, the testimony of the four men and the introduction of the other notes could have been of great importance to the defense.

When there is a fact question to resolve, the only appropriate means of resolving it is an evidentiary hearing in circuit court. Petitioner is granted permission to proceed in circuit court for an evidentiary hearing limited to the allegation that counsel's failure to investigate denied petitioner the opportunity to call the four men as witnesses and introduce the other notes into evidence.

This court will not accept the affidavit provided by the State to refute the factual allegations made by the petitioner. To do so would place the court in a position of being the finder of fact and would permit the state to refute an allegation without giving the petitioner an opportunity to question the affiant.

■■ As in all postconviction proceedings, the burden at the hearing will be on the petitioner to overcome the strong presumption that counsel's assistance was effective. *Strickland* v. *Washington*, 466 U.S. 668 (1984). If it is reasonable to conclude that the information about the potential witnesses and the notes should have been furnished to counsel by the petitioner, the petitioner is responsible for demonstrating that he supplied to counsel the information necessary to make an adequate investigation or was unable to do so through some fault of counsel. The petitioner must also establish not only that counsel made some error but that the error resulted in actual prejudice so serious as to deny him a fair trial, whose result is unreliable. In other words, the petitioner must show that the evidence omitted from trial through counsel's errors was important enough to affect the judgment. *See Strickland* v. *Washington, supra; see also United States* v. *Morrison*, 449 U.S. 361 (1981). It is not enough for petitioner to prove merely that there were other witnesses who could have testified or that the notes existed.

■ Petitioner has raised a number of other allegations in the instant petition which do not justify postconviction relief. Chief among them is the claim that he learned after trial that the victim had a history of accusing men of rape. He states at one point in the petition that the prosecutor knew about the victim's history before trial and withheld the information from the defense. At another point, he alleges that the information was in the prosecutor's file and thus available to the defense but counsel failed to use it. Since it is unclear whether petitioner is alleging prosecutorial misconduct, ineffective assistance of counsel or that new evidence exists, the issue will not be addressed further. This court will not speculate on a petitioner's meaning.

Petition granted; motion to amend denied.