Theodore Clark STEWART *v.* STATE of Arkansas

CR 87-159                                    746 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered March 14, 1988

*Robert A. Newcomb*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Theodore Clark Stewart, was convicted of burglary. He petitioned the court for a new trial, pursuant to Ark. R. Crim. P. 37, alleging that his lawyer had been ineffective. The court denied relief, without holding a hearing, on the ground that the petition stated only conclusions rather than facts in support of the allegation. As we believe the petition stated sufficient facts to warrant a hearing,

the case is reversed and remanded.

The petition alleged that Stewart's counsel interviewed none of the state's witnesses and did not file a discovery motion to obtain the statements of the state's witnesses from the police. It alleged that counsel also did not interview any of the defense witnesses whose names had been furnished to counsel. Specifically, Stewart contends his brothers would have testified he was with them at the time the burglary was committed. He also claims that had "hospital personnel" been called on his behalf, they, along with his family members, could have testified that injuries he received were "consistent with" a car injury instead of the injury he was alleged by the state to have received in the course of committing the burglary.

If a Rule 37 petition is meritless on its face, no evidentiary hearing need be held. *Smith* v. *State*, 290 Ark. 90, 717 S.W.2d 193 (1986). No hearing need be held if the trial court can determine conclusively from the record that the petitioner's contentions are meritless. *Morrison* v. *State*, 288 Ark. 636, 707 S.W.2d 323 (1986).

Although the petition did not give the names of the "medical personnel" who might have testified on Stewart's behalf, that may well have been because he did not know who they were and had no way to find out without counsel's assistance. We cannot tell from the record before us now. Stewart's description of the testimony they might have given is sufficient to make his allegation more than conclusory. Nor do we deem it fatal to the petition that Stewart did not give the names of his brothers. His statement that they would have given alibi testimony is also more than conclusory.

Although the trial judge entered a number of factual findings about the procedural history of the case, indicating that Stewart's present counsel had filed the petition and had done nothing about it for several years, he made no findings based on the record with respect to Stewart's allegations. It is reversible error for the trial judge to fail to make reference to the parts of the record relied upon to deny the petition, *Robinson* v. *State*, 264 Ark. 186, 569 S.W.2d 662 (1978), unless we can conclude from the record as a whole that the petition has no merit. *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). We can reach no

such conclusion based on the record before us. The denial of the petition is reversed, and the case is remanded for a hearing pursuant to Ark. R. Crim. P. 37.3(c).

HICKMAN and HAYS, JJ., dissent.

STEELE HAYS, Justice, dissenting. This petition asserts that defense counsel did not interview any of the witnesses for the defense or the state and failed to interview Stewart's brothers who would have testified that Stewart was with them at the time of the burglary; that counsel failed to move to suppress an oral confession and failed to file a discovery motion to obtain statements given to the police. The petition alleged that members of Stewart's family and "hospital personnel" could have testified that Stewart's injuries were more consistent with "a car injury" than might have been incurred in a burglary.

The trial court ruled the petition contained only broad conclusory statements alluding to unnamed witnesses, with no attempt to show how the verdict might have been affected by these alleged failures. It held that Stewart had not shown how counsel's representation failed to measure up to an objective standard of reasonableness or that, but for the failures, the results would have been different.

Stewart has provided no facts beyond his own assertions that witnesses, not one of whom is identified, would in some undisclosed fashion, have aided his defense. This will not suffice. We have held repeatedly that allegations which are not supported by facts will not justify an evidentiary hearing on post-conviction relief. *Urquhart* v. *State*, 275 Ark. 486, 631 S.W.2d 304 (1982).

Even the assertions that Stewart's brothers would have testified that he was with them at the time of the burglary, or that hospital personnel could have testified that the injuries were more consistent with an automobile accident, do not suffice to reopen a trial three years after the fact. Such allegations must be established by clear and convincing proof *Blackmon* v. *State*, 274 Ark. 202, 623 S.W.2d 184 (1981), and, to be even minimally adequate, must provide specific and detailed information from which it can be reasonably inferred that material and credible evidence could have been presented at trial but was not, due to the professional lapses of defense counsel. *Smith* v. *State*, 290 Ark. 90, 717

S.W.2d 193 (1986); *Henry* v. *State*, 288 Ark. 592, 708 S.W.2d 88 (1986); *Walker* v. *State*, 277 Ark. 284, 641 S.W.2d 19 (1982). Moreover, counsel is presumed to have performed competently, and the petitioner must overcome this presumption in a convincing fashion. *Blackmon* v. *State, supra; Edwards* v. *United States*, 256 F.2d 707 (D.C. Cir. 1958), cert. denied, 358 U.S. 847 (1958).

The majority opinion observes that Stewart's failure to identify the hospital personnel may be due to his not knowing who they are. It is not just the absence of names, but the absence of any specific information from which to weigh the substance of the allegations. If Stewart's brothers were with him at the time of the burglary, as he alleges, is it too much to ask that he specify where they were and what they were doing and when they were together? Moreover, Stewart knows why he was hospitalized for treatment, and he knows what the state's proof was on that score. He can provide in his petition or by affidavits how the injury for which he was treated was inconsistent with the state's theory. If, as he suggests, his injury was incurred in an automobile accident, he can provide the specifics of that incident as to when and where it occurred and who else was involved. A copy of the police report would at least assure us that there was in fact an accident. He tells us nothing beyond a patently conclusory assertion.

Three cases in which we granted evidentiary hearings under A.R.Cr.P. Rule 37 illustrate the difference between allegations which make a substantial showing of merit and those which are merely conclusory:

1) In *Rasmussen* v. *State*, 280 Ark. 472, 658 S.W.2d 867 (1983), the petition alleged that after being sentenced to life imprisonment on a murder charge, Ms. Rasmussen learned that the prosecutor had offered to recommend a fifteen year sentence upon a plea of guilty. She contended her attorney never communicated the offer to her. Accompanying her petition was an affidavit of the deputy prosecutor attesting to the fact that the offer had, in fact, been made. We granted an evidentiary hearing to determine whether the offer had been rejected by counsel without consulting the accused.

2) In *Lascano* v. *State*, 282 Ark. 501, 669 S.W.2d 453 (1984), Ms. Lascano alleged that she declined to testify at her murder trial for fear of her own safety and the safety of her

daughter. She claimed to have been beaten by two men who were friends of a man with whom she was involved and whose wife she was accused of having killed. Her claims were supported by the affidavit of her attorney acknowledging his belief that she was in fact threatened as claimed which had prompted him to try to withdraw from the case when Ms. Lascano refused, for the reasons stated, to testify in her own behalf. We granted the hearing to determine whether counsel's failure to explain to the trial court these reasons for his attempted withdrawal operated to deprive the accused of effective assistance.

3) In *Owens* v. *State*, 292 Ark. 292, 729 S.W.2d 419 (1987), following a conviction for rape, Owens contended he told his attorney the first time they conferred at the county jail (a week before the trial) that J.C. Cash, Arthur Cash, Carl Stewart and Osie Jones were with him and the victim at the time of the alleged rape. He maintained the the prosecutrix, who was deaf, wrote him several notes offering to have sex in return for money and drugs. He contended that the victim was not held at the house against her will, as she claimed; in fact she and Osie Jones left at one point to get more beer; that in all some thirty to thirty-five notes were exchanged, some of which would have verified Owen's claims. Several of the notes were recovered and introduced but the bulk were missing, the house having been ransacked. Owens alleged that had counsel acted sooner in his defense the notes would have been retrieved. We granted an evidentiary hearing to determine whether the four men should have been subpoenaed and whether counsel had acted with diligence in preparing Owen's defense.

In all of the foregoing cases specific facts were provided in sufficient detail that the allegations could not be labelled conclusory. In contrast, Stewart has wholly failed to provide more than general allegations, unsupported by either details or independent verification of his own assertions. Petitioner's "witnesses" are not identified except in general, and no facts are provided as to when they were with the defendant, or where, or how such proof, if credible, would refute evidence offered by the state. *Lomax* v. *State*, 285 Ark. 440, 688 S.W.2d 283 (1985); *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). Even if the petition were more specific in these details, it would still be necessary to show that the decision not to call such witnesses went beyond the scope of trial strategy. In *Tackett* v. *State*, 284 Ark.

211, 680 S.W.2d 696 (1984), we said:

> It is well settled that the decision to call certain witnesses and reject other potential witnesses is largely a matter of trial strategy. Counsel must use his own best judgment to determine which witnesses will be beneficial to his client. See *Hayes* v. *State*, 280 Ark. 509, 660 S.W.2d 648 (1983).

Finally, it is necessary that a Rule 37 petitioner show how he was prejudiced by the alleged omissions of defense counsel. *Urquhart* v. *State, supra; Blackmon* v. *State, supra.* Stewart has not even alleged that he was prejudiced, much less made any attempt to show that the outcome of his trial would probably have been different. *Strickland* v. *Washington,* 466 U.S. 686 (1984); *Mason* v. *State,* 289 Ark. 299, 712 S.W.2d 275 (1986). I would affirm the trial court.

HICKMAN, J., joins this dissent.