Billy Jack KAIN, Jr. *v.* STATE of Arkansas

CR 87-222                                    752 S.W.2d 265

Supreme Court of Arkansas
Opinion delivered June 27, 1988

*Frazier and Ferguson*, by: *Gregory Ferguson*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

STEELE HAYS, Justice. This is a belated appeal from an order of the Craighead Circuit Court denying a Rule 37 petition by Billy Jack Kain, Jr.

Appellant was charged in August, 1982 with kidnapping and rape. After several psychiatric examinations with conflicting results, appellant was adjudged to be competent and on September 7, 1984 he entered a plea of nolo contendere, receiving a sentence of twenty-three years with ten years suspended.

In January, 1987 appellant filed a petition under Rule 37 alleging that he did not receive effective assistance of counsel in pleading to the charges because his attorney should have asserted the defense of speedy trial. The trial court denied the petition without a hearing and Billy Jack Kain has appealed, alleging the trial court erred in denying his petition without a hearing and that he was denied a speedy trial. The arguments are without merit.

If it can be shown on the record, or on the face of the petition itself, as in this case, that the allegations have no merit, the circuit court need not hold an evidentiary hearing. *Lomax* v. *State*, 285 Ark. 440, 588 S.W.2d 283 (1985). Moreover, where the record clearly establishes that the petition is without merit we will affirm, notwithstanding the trial court's failure to make specific reference to the parts of the record relied on to deny the petition, which the rule also requires. *Morrison* v. *State*, 288 Ark.

636, 707 S.W.2d 323 (1986); *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979).

Appellant calculates his period of incarceration prior to being released on bond at 751 days, from which he deducts 342 days for delays attributable to continuances at his request or for psychiatric examinations, both excludable under Rule 28.3, for a net period of incarceration of 409 days. Thus, he argues, he was not tried within twelve months as now provided in Rule 28.1(c).

Appellant's argument misinterprets the rule. The present wording of Rule 28.1(c) was adopted by amendment on July 13, 1987, and expressly provides that the change applies to defendants charged *after* October 1, 1987. Appellant was charged on August 17, 1982 and therefore comes within an earlier provision of Rule 28.1(c), that is, eighteen months. It follows that the argument that appellant was denied a speedy trial is, on its face, without merit.

Appellant points out that the trial court failed to rule on a motion filed on April 30, 1984 asking that the court reporter make a stenographic record of all oral proceedings. Without implying that the point has merit, we note it was not asserted in the Rule 37 petition and we will not consider an issue raised for the first time on appeal. *Hendrix* v. *State*, 291 Ark. 134, 722 S.W.2d 596 (1987).

AFFIRMED.