Jessie SCOTT *v.* STATE of Arkansas

CR 89-18                                                     764 S.W.2d 616

Supreme Court of Arkansas
Opinion delivered February 20, 1989

*Hixson, Cleveland & Rush*, by: *David L. Rush*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Jessie Scott was convicted in circuit court of driving while intoxicated and driving left of center. For reversal he argues that he was denied his right to a speedy trial in that "twelve months passed before he was tried." We disagree and affirm.

The following is a chronology of significant events:

(1) February 14, 1987: Jessie Scott was arrested, charged, and convicted in Logan County Municipal Court of driving while intoxicated and driving left of center.

(2) April 13, 1987: Scott appealed to the Circuit Court of Logan County, Northern District.

(3) May 27, 1988: He was found guilty of the charges and sentenced to twenty-four hours imprisonment in the county jail, a fine of $150.00, and suspension of his driving privileges for ninety days on the driving while intoxicated conviction and $25.00 on the driving left of center conviction.

Rule 28.1(c), as amended by per curiam dated July 13, 1987, provides as follows:

Any defendant *charged after October 1, 1987*, in circuit court and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3. (Emphasis added.)

Prior to this amendment, Rule 28.1(c) required that a defendant be brought to trial within eighteen (18) months from the time provided for in Ark. R. Crim. P. 28.2.

Under current Rule 28.1(c), a defendant charged after October 1, 1987, shall be entitled to have the charge dismissed unless brought to trial within twelve (12) months from the time provided for in Ark. R. Crim. P. 28.2. Scott was charged on February 14, 1987, well before October 1, 1987. Accordingly, the prior eighteen-month limitation, not the present twelve-month limitation, applies. *See Kain* v. *State*, 296 Ark. 123, 752 S.W.2d 265 (1988). *See also Hayes* v. *Lockhart*, 352 F.2d 339 (8th Cir. 1988).

■ Since Scott was tried in circuit court within eighteen months from the date the case was appealed from municipal court, his right to a speedy trial was not infringed. *See Shaw* v. *State*, 18 Ark. App. 243, 712 S.W.2d 138 (1986); Ark. R. Crim. P. 28.2(c).

Affirmed.