## Richard T. ROBERTS *v.* STATE of Arkansas

CR 89-229                                    786 S.W.2d 568

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This appeal is from a denial of post-conviction relief pursuant to A.R.Cr.P. Rule 37. For reversal, the appellant, Richard Roberts, alleges ineffective assistance of his appointed counsel on the basis of a violation of his right to a speedy trial.

We find no merit in Roberts's contention and affirm.

On August 17, 1985, Roberts was arrested for the crime of robbery, and he was charged by felony information on October 22, 1985, with that offense. The trial court accepted his guilty plea on December 22, 1986, and suspended imposition of sentence for five years conditioned upon compliance with written rules of conduct, a $150 fine, court costs, and restitution of $50.

A petition for revocation of Roberts's probation was filed on December 8, 1988, on the basis that Roberts had violated the terms of his suspended sentence by committing a robbery on July 22, 1988.

On January 30, 1989, Roberts filed a declaration of waiver of rights and a statement of guilt with agreement of punishment in regard to the petition for revocation and was sentenced to serve two years at the Arkansas Department of Correction.

On August 18, 1989, Roberts filed a Rule 37 petition and requested that his original sentence be vacated on the basis of the ineffective assistance of his appointed counsel. The trial court entered an order on September 1, 1989, that denied relief without a hearing.

On appeal, Roberts contends that his appointed counsel did not inform him of his right to a speedy trial and that he thereby suffered prejudice to his fifth, sixth, and fourteenth amendment rights.

Roberts notes that more than twelve months elapsed between the time of his arrest on August 17, 1985, and the time of his plea on December 22, 1986. Accordingly, he argues that his counsel should have advised him that he was entitled to have the charge dismissed, which would constitute an absolute bar to further prosecution of the charge. Roberts cites A.R.Cr.P. Rules 28.2(a), 28.1(c), and 30.1(a) in support of his argument.

Rule 28.2(a) provides as follows:

The time for trial shall commence running, without demand by the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest.

Rule 28.1(c) provides as follows:

Any defendant charged after October 1, 1987, in circuit court and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of

necessary delay as are authorized in Rule 28.3.

Rule 30.1(a) provides as follows:

> Subject to the provisions of subsection (b) hereof, a defendant not brought to trial before the running of the time for trial, as extended by excluded periods, shall be absolutely discharged. This discharge shall constitute an absolute bar to prosecution for the offense charged and for any other offense required to be joined with that offense.

Roberts evidently overlooks the relevant date contained in Rule 28.1(c) that determines the applicability of the twelve month time period within which a criminal defendant must be brought to trial. The effective date is October 1, 1987.

In *Kain* v. *State*, 296 Ark. 123, 752 S.W.2d 265 (1988), we held that the present Rule 28.1(c) expressly provides that it applies to defendants charged after October 1, 1987, and that an earlier provision that defendants were to be tried within eighteen months, rather than the present twelve month period, applied to defendants charged prior to that date.

In this case, Roberts was arrested on August 17, 1985, and charges were filed on October 22, 1985. Pursuant to Rule 28.2(a), the time for trial began running from the date of Roberts's arrest, which occurred prior to October 1, 1987. Consequently, the eighteen month time period applies and is dispositive of the issue in this case.

The period between August 17, 1985, and December 22, 1986, the date Roberts entered his plea on the first robbery charge, is sixteen months and five days. As a result, Roberts entered his guilty plea within the required eighteen month time period.

Roberts also cites *Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984), as support to his position. In *Hall*, we held that the evidence was clear and convincing that the defendant did not receive effective assistance of counsel and, as a result, suffered prejudice where it was shown that the defendant was entitled to have the prosecution barred, that he had not knowingly and intelligently waived his right to a speedy trial, and his counsel at the time of the plea offered no testimony of trial strategy or other

reason for his failure to assert the defendant's right to a speedy trial.

However, that case was decided on the basis of A.R.Cr.P. Rule 28.1(b), which provides:

> Any defendant charged with an offense in circuit court and incarcerated in prison in this state pursuant to conviction of another offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

*Hall* v. *State, supra,* is inapplicable because Roberts was not incarcerated in prison in this state pursuant to conviction of another offense and was not entitled to have the prosecution barred.

Affirmed.

PRICE, J., not participating.