Earnest SMITH *v.* STATE of Arkansas

CR 86-55                                           717 S.W.2d 193

Supreme Court of Arkansas
Opinion delivered October 6, 1986

*Williams Law Firm*, by: *Lynn Williams*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is an appeal from an order denying a petition for postconviction relief pursuant to A.R.Cr.P. Rule 37. The issues before us are whether the trial court was correct in denying the petition and whether the trial court's order satisfies A.R.Cr.P. Rule 37.3(a). We find no merit to these issues and affirm.

Smith was convicted on March 9, 1983, of burglary and, with nine previous convictions, was sentenced as a habitual offender to 30 years imprisonment, to be served consecutively to any previously imposed sentences. After his conviction, Smith filed several motions instead of appealing the conviction. A motion for a belated appeal was denied by us in March, 1984. Smith then requested a free transcript and the appointment of a psychiatrist which were denied by the trial court. He filed for a writ of error coram nobis and four petitions for postconviction relief. After Smith requested a writ of mandamus from us ordering the trial court to rule on his motions, the trial court issued an order on December 27, 1985, denying the relief. The order read:

> This Court, having reviewed this entire file finds that the petitioner fails to allege a cause of action for relief under a Rule 37 proceeding. That the Petitioner failed to perfect an appeal of his conviction herein and the Supreme Court has denied his request for a belated appeal.

> IT IS THEREFORE the order of this Court that the relief prayed for be and the same is hereby denied.

■ Smith argues two errors were committed. First, the trial court was wrong in denying the petition, because it failed to state a cause of action. The petition alleged ineffective assistance of counsel and incompetency to stand trial because of a mental defect. The petition was couched entirely in conclusory language unsupported by any facts and was, therefore, patently deficient. We have held numerous times that a Rule 37 petition must contain statements of fact to support its allegations. *Henry* v. *State*, 288 Ark. 592, 708 S.W.2d 88 (1986); *Walker* v. *State*, 277 Ark. 284, 641 S.W.2d 19 (1982).

■■ Smith's second argument is that the trial court erred by not holding an evidentiary hearing or making written findings of fact as required by Rule 37.3 (a). There was no hearing and none was required because the petition on its face was without merit because Smith failed to set forth any facts supporting his allegations. We have dismissed numerous petitions for this reason and affirmed the trial court for just such action. In *Lomax* v. *State*, 285 Ark. 440, 688 S.W.2d 283 (1985), the trial court denied a petition without an evidentiary hearing, and we said:

> The circuit court need not hold an evidentiary hearing where it can be conclusively shown on the record or the face of the petition itself, as it can be in this case, that the allegations have no merit. See *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). On appeal, we affirm the trial court's denial of postconviction relief unless it is clearly against the preponderance of the evidence. *Knappenberger* v. *State*, 283 Ark. 210, 672 S.W.2d 54 (1984).

This case is precisely the same set of circumstances. The petition was deficient on its face. The trial court examined all the records in this case and found that Smith failed to state a cause of action. That satisfied Rule 37.3 (a). See *Morrison* v. *State*, 288 Ark. 636, 707 S.W.2d 323 (1986).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion for a number of reasons. The appellant was convicted on March 9, 1983. His trial attorney did not give notice of appeal nor did he obtain the permission of the trial court to be

relieved. Finding himself without counsel, the appellant filed a motion for belated appeal on August 16, 1983. This motion was denied by the trial court on December 20, 1983. This Court for some reason also denied his motion for belated appeal on March 12, 1984. Appellant filed motions for post-conviction relief in March, April, August, and November 1984, alleging, among other things, ineffective assistance of counsel due to counsel's failure to recognize the appellant's mental defect at the time of his trial. Finally, the appellant filed a petition in this Court for a writ of mandamus to require the trial court to rule on his motions. The trial court subsequently denied appellant's motions on December 27, 1985. Apparently, for some reason, these motions had not been presented to the trial court prior to the petition for mandamus. After all this time and effort the appellant has yet to have the merits of his case considered by an appellate court.

The order denying the Rule 37 relief is set out in the majority opinion and will not be repeated here. There are no findings of fact and conclusions of law in the order denying Rule 37 relief. The court is authorized to summarily dispose of the motion pursuant to Rule 37.3(a), which states:

> If the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings.

If the court does not so dispose of the motion, then Rule 37.3(c) requires the court to grant a prompt hearing and "determine the issues and make written findings of fact and conclusions of law with respect thereto."

If petitioner alleges in his original Rule 37 motion, or a motion to appeal the court's findings, that he is unable to employ counsel to pay the cost of the proceedings, the trial court, if satisfied that the allegations are true, shall appoint counsel to assist with the hearing in the trial court and/or appeal to the Supreme Court. Rule 37.3(b). Allegations of inability to pay costs or employ counsel were made by the prisoner. However, the court made no reference in the order denying Rule 37 relief to the financial ability of the appellant. Since there were no written findings made as required by subsections (a) or (c), I believe the

case should be returned to the trial court with directions to make specific findings of fact from the record showing appellant is not entitled to relief or grant him a hearing on his motion.