Linda Louise SCHNEIDER v. STATE of Arkansas

CR 86-136                                    720 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered December 15, 1986

*Honey & Rodgers, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a postconviction proceeding under Criminal Procedure Rule 37 in which the appellant seeks to withdraw her plea of guilty to charges of aggravated robbery, kidnaping, and theft. The petition alleges that the plea was not voluntary and had no factual basis. The trial court denied the petition without an evidentiary hearing, finding from the record that there was "no indication that the plea was not voluntarily and intelligently made, that the plea was entered on the advice of counsel, and that there was a sufficient factual basis for the plea." Our jurisdiction of the appeal is fixed by Rule 29(1)(e).

Pleas of guilty are governed by Article VII of the Criminal Procedure Rules. Rule 24.7 requires that a record of the plea proceeding be made, which was done. Rule 24.4 provides that the court shall not accept a plea of guilty without addressing the defendant personally and informing her of the nature of the charge. Rule 24.6 provides that the court shall not enter judgment upon the plea without making an inquiry sufficient to establish that there is a factual basis for the plea. Rule 37.3(a) and (c) together provide that an evidentiary hearing shall be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief.

The controlling question on the present appeal is whether the record *conclusively* shows that the court personally informed the defendant of the nature of the charge and ascertained that there

was a factual basis for the plea. Unfortunately, the record is deficient; so there should have been an evidentiary hearing.

The appellant and her husband, Michael, were jointly charged with having kidnapped and robbed one Sammy Dodson. When the plea of guilty was accepted the facts in the case were disclosed by Michael's pretrial deposition. He testified that he and his wife Linda, the appellant, had met Dodson at a night spot, had drunk with him until closing time, and had eaten breakfast with him at a pancake house. When the three left the pancake house they drove out a highway in Dodson's car, with Linda doing the driving at her husband's direction. Michael testified he had a rope in his inside pocket and a pistol concealed behind him in his waistband. Michael took out the pistol and put it to Dodson's head. Eventually Michael selected a suitable place in the woods for the robbery. He tied up Dodson with the rope. The Schneiders took the car and left. Throughout the deposition Michael implied that Linda knew nothing in advance about the possibility of a robbery and took no part in it except to drive. Michael entered a negotiated plea of guilty and received total sentences of 80 years. Linda's negotiated plea was for three concurrent 10-year sentences, which the court imposed.

■ Before the plea was accepted the appellant and her lawyer signed a printed form of Plea Statement recited as conclusions that they had discussed the charges, the range of sentences, the waiver of a jury trial, and other matters that must be explained when a guilty plea is accepted. Such a plea statement may be useful at an evidentiary hearing, but it cannot satisfy the requirement that those matters be explained to the accused in open court when the acceptance of the plea is being considered.

■ Rule 24.4 directs that a guilty plea not be accepted without the court's first informing the accused of, and determining that she understands, the nature of the charge. There was at best scant compliance with this Rule, the record on this point consisting only of the following questions by the court and answers by the appellant:

Q. Mrs. Schneider, are you going to plead guilty to aggravated robbery, theft of property and kidnapping?

A. Yes, your Honor.

Q. Do you understand what the State would have to do to prove you guilty of aggravated robbery?

A. Yes.

Q. Of kidnapping?

A. Yes.

Q. And of theft?

A. Yes.

Q. Are you satisfied they can do that in each case?

A. Yes.

More important, Rule 24.6 states that the court shall not enter judgment upon a plea of guilty without making such inquiry as will establish that there is a factual basis for the plea. "A factual basis" means that the accused is actually guilty. This particular inquiry is far and away the most important single phase of plea-taking. When the record of the proceeding clearly proves that the accused understood the nature of the offense and unmistakably admitted guilt, the possibility of a successful postconviction challenge to the validity of the plea is remote. Before the Rules of Criminal Procedure were adopted, we emphasized this point in discussing the A.B.A. Standards Relating to Pleas of Guilty:

> Nevertheless, we must observe that compliance with the Standards will go far toward achieving the twofold purpose of (1) assuring justice both to the accused and to the public and (2) minimizing the dreary necessity of having to reconsider in postconviction proceedings points that should have been set at rest when the plea of guilty was accepted.

*Byler v. State*, 257 Ark. 15, 513 S.W.2d 801 (1974). No doubt the process of plea-taking week after week becomes routine to an experienced trial judge, but the accused should understand that the questions are meaningful, not mechanical.

In the case at hand the trial judge did not ask the accused even one question about her guilt. There were no

inquiries such as, "Are you guilty of the offenses as they have just been explained to you? Did you assist your husband in the commission of the offenses?" In view of the record's silence with regard to the pivotal point at issue, we cannot say that the record conclusively shows that the Rule 37 petition was properly denied without an evidentiary hearing.

The judgment is reversed and the cause remanded with directions that the accused be allowed to withdraw her plea, and for further proceedings.

HICKMAN, J., dissents.