**Earnest SMITH, Appellant,**

v.

**A.L. LOCKHART, Director, A.D.C., Appellee.**

No. 88–2707.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1989.

Decided Aug. 16, 1989.

Rehearing and Rehearing En Banc Denied Oct. 6, 1989.

Susan Antley, Little Rock, Ark., for appellant.

Tim Humphries, Little Rock, Ark., for appellee.

Before MAGILL, Circuit Judge, ROSS, Senior Circuit Judge, and CAMBRIDGE,* District Judge.

ROSS, Senior Circuit Judge.

Earnest Smith, a prisoner in state custody, brought a petition for writ of habeas corpus alleging several grounds for relief under 28 U.S.C. § 2254. In dismissing the petition, the district court[1] held that several of the grounds were procedurally barred and that the remaining grounds were without merit. We affirm.

I.

Smith was convicted of burglary in March 1983 under Ark.Stat.Ann. § 41–2002 (Repl.1977), *amended and recodified at* Ark.Code Ann. § 5–39–201. Due to his nine prior felony convictions, Smith was sentenced to 30 years imprisonment under the state's habitual offender statute, Ark. Stat.Ann. § 41–1001 (Repl.1977), *amended and recodified at* Ark.Code Ann. § 5–4–501 (1987).

Smith did not file an appeal within the 30–day period required by law. However he later filed a pro se motion for belated appeal which the Arkansas Supreme Court denied in an unreported per curiam opinion. The state supreme court also affirmed the trial court's denial of Smith's pro se motions for post-conviction relief. *Smith v. State*, 290 Ark. 90, 717 S.W.2d 193 (1986).

---

\* The HONORABLE WILLIAM G. CAMBRIDGE, United States District Judge for the District of Nebraska, sitting by designation.

**1.** The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

Smith then filed a federal habeas petition alleging, *inter alia*, the following grounds for relief:

1. Denial of due process when the trial court failed to grant a directed verdict at the close of the state's case;

2. Denial of due process when the trial court violated the state's procedural rules by denying Smith's motion for post-conviction relief without a hearing and without making written findings;

3. Denial of effective assistance of counsel due to several alleged errors committed by counsel at trial.

The district court held that grounds 1 and 3 were barred under the rule in *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). The district court held that ground 2 was without merit. Smith appeals these holdings.

### A.

We first consider grounds 1 and 3 which the district court held were procedurally barred. The Supreme Court has held that a federal habeas petitioner must have previously raised each federal habeas claim in a state court or demonstrate "cause" and "prejudice" attendant to the waiver of the claim in state court. *Wainwright, supra,* 433 U.S. at 87, 97 S.Ct. at 2506.

■ "Cause" for a procedural default must ordinarily be demonstrated by showing that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Examples of such impediments include "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable * * *." *Id.* (citations omitted). When counsel's conduct has impeded the client's effort to bring a claim in state court, such ineffective assistance of counsel also is "cause" for a procedural default. *Id.*

In this case, Smith does not dispute the district court's finding that he failed to raise grounds 1 and 3 in a state court.

However he argues that his failure to do so is excused under the *Wainwright* "cause" and "prejudice" test.

As "causes" for his default of grounds 1 and 3 in state court Smith raises: 1) ineffective assistance of counsel in failing to appeal the state conviction; 2) "official interference" by the state in refusing to provide Smith a transcript of his trial; and 3) interference by a particular "official", namely trial counsel.

■ Ineffective assistance of counsel which prevents the petitioner from raising a claim in state court is "cause" for a procedural default under *Murray.* However, under the principle of comity, such an ineffective assistance claim generally must be presented in a state court as an independent claim before it may be used in a federal habeas court to establish "cause" for a state procedural default. *Id.* at 489, 106 S.Ct. at 2646.

■ We do not decide whether Smith's ineffective assistance claim was presented to a state court. Even if Smith has satisfied this requirement, under *Murray* he must additionally show this court that he did in fact receive ineffective assistance of counsel. *See id.* at 496, 106 S.Ct. at 2649. A showing of ineffective assistance of counsel requires a demonstration that counsel's performance was objectively deficient and that counsel's performance prejudiced the client's case. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Smith has alleged that his attorney failed to appeal his case despite Smith's request for an appeal. However in denying Smith's motion for belated appeal, the Arkansas Supreme Court found: 1) that Smith's trial counsel informed Smith of the procedure for appeal; 2) that trial counsel would have pursued an appeal if asked to do so; and 3) that trial counsel filed a motion at Smith's request to reduce his sentence. Moreover Smith has not alleged that he requested an appeal within the state's statutory time limit for an appeal by right. Without alleging that he requested an appeal within the statutory time limit, Smith cannot demon-

strate that counsel's failure to file an appeal constituted objectively deficient assistance. Smith therefore cannot demonstrate that he received ineffective assistance of counsel which could be "cause" for his procedural default.

■ Next, Smith claims that the state's failure to provide a free transcript of his trial constituted "interference by officials," *Murray, supra,* 477 U.S. at 488, 106 S.Ct. at 2645, which is "cause" for his procedural default. Smith's argument is without merit in light of our decision in *United States v. Lewis,* 605 F.2d 379, 380 (8th Cir.1979), where we held that a state can constitutionally deny an indigent prisoner a free trial transcript unless the petitioner can show that the issues on appeal are not frivolous and that the transcript is required to decide the issues. Because Smith has not demonstrated that he made such a showing to the state court, we conclude that the state's failure to provide a transcript is not "interference by officials" and does not constitute "cause" for Smith's procedural default.

In his final attempt to show "cause" for his procedural default, Smith claims that his trial counsel's failure to appeal constitutes "interference by officials" because his trial counsel is "an officer of the court." As noted *supra,* Smith has not demonstrated any wrongdoing by trial counsel in failing to file an appeal. Smith therefore has not made any showing to support his contention that counsel's conduct interfered with his ability to raise these issues in a state court.

Because Smith has failed to demonstrate "cause" for his state procedural default, we do not reach the question of "prejudice." The district court correctly refused to consider the habeas grounds Smith failed to raise in state court.

## B.

■ We now consider ground 2, which the district court dismissed on its merits. In this ground, Smith claims he was unconstitutionally denied due process when the trial court violated its own procedural rules by denying his motion for post-conviction relief without a hearing and without making written findings.

We are mindful that under 28 U.S.C. § 2254(a), federal habeas relief is available only on the ground that a state prisoner's detention is in violation of the Constitution or laws or treaties of the United States. We begin consideration of this ground by recounting that "there is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions." *Williams v. Missouri,* 640 F.2d 140, 143 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Moreover, "[e]rrors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." *Id.; Conner v. Director of Div. of Adult Corrections, State of Iowa,* 870 F.2d 1384, 1386 (8th Cir.1989). Smith therefore cannot establish the unconstitutionality of his custody as required under 28 U.S.C. § 2254(a) merely by attacking the Arkansas post-conviction review process either in general or as applied in his case.

Smith asserts that the state's denial of his motion for post-conviction relief without a hearing and without making written findings is itself a due process violation under the rule in *Hicks v. Oklahoma,* 447 U.S. 343, 347, 100 S.Ct. 2227, 2230, 65 L.Ed.2d 175 (1980) (holding that a violation of a state's criminal sentencing procedure is unconstitutional). However *Hicks* involved the violation of a state procedural rule concerning criminal sentencing, an area in which a defendant is entitled to constitutional protections. By contrast, this case involves the alleged violation of a state rule concerning post-conviction proceedings, an area in which a defendant is not necessarily afforded constitutional protections. *See Williams, supra,* 640 F.2d at 143. The rule in *Hicks* therefore does not apply to this case.

Smith has not alleged the violation of any constitutional standard which may apply either to Arkansas's post-conviction review process in general or to the applica-

tion of that process in this case. Absent such an allegation, Smith's claim falls outside the scope of review for a federal habeas case as set forth in 28 U.S.C. § 2254(a). The district court correctly dismissed this ground.

## II.

Smith also appeals the district court's denial of his pro se motion to relieve appointed counsel. We find that Smith's petition presents no factual evidence and is completely conclusory. Moreover appointed counsel appears to have ably and conscientiously assisted Smith. The district court correctly denied the motion to relieve appointed counsel.

## III.

In conclusion, the district court did not err in dismissing Smith's habeas corpus petition or in denying Smith's motion to relieve appointed counsel. Accordingly the judgment of the district court is affirmed.