Ronald Gerald ADCOX, Appellant,

v.

Jerry A. O'BRIEN and William Webster, Missouri Attorney General, Appellees.

No. 88–2361.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1989.

Decided March 30, 1990.

Rehearing Denied April 27, 1990.

Linda Murphy, Clayton, Mo., for appellant.

Patrick L. King, Jefferson City, Mo., for appellees.

Before BOWMAN, Circuit Judge, ROSS and HENLEY, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellant Gerald Adcox pleaded guilty in the Missouri state trial court to first degree murder and was sentenced to life imprisonment. Adcox now seeks review of the federal district court's denial of his petition for writ of habeas corpus. In the petition, Adcox asserts that his guilty plea was neither knowing nor voluntary and that he had been denied effective assistance of counsel. We remand to the district court for further findings.

On April 22, 1983, Adcox and his codefendant Darren Molitor were arrested in Atlanta, Georgia for suspicion of murder and interstate auto theft. These charges arose from the death of Mary Towey whose body was found in a field in St. Louis County. After their arrest, both suspects gave confessions to the F.B.I. Molitor admitted that he had strangled Mary Towey in the basement of her home while Adcox was upstairs. They both admitted that after they realized the victim was dead, they dumped the body and fled to Georgia where they were arrested. Upon return, both were charged with capital murder and the state announced that it was seeking the death penalty. Molitor was found guilty of the lesser offense of first degree murder and was sentenced to life in prison.

Approximately fifty days before the date set for trial, attorney Walter Brady assumed Adcox's representation. After initially refusing several of Mr. Brady's recommendations to plead, on June 10, 1985, the day set for trial, Adcox pleaded guilty to first degree murder. Adcox received a sentence of life imprisonment, to be served consecutively with two federal sentences for interstate transportation of a stolen motor vehicle.

Adcox initially filed a motion for postconviction relief in the Missouri state court under Rule 27.26 of the Missouri Rules of Criminal Procedure. The motion was denied without a hearing due to the Missouri court's finding that it had no jurisdiction to hear the motion while Adcox was serving a federal sentence outside the State of Missouri.

Adcox next sought relief in federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Adcox alleged, among other things, that his guilty plea was neither knowing nor voluntary and that he had been denied effective assistance of counsel due to the lack of preparation by his attorney.

Initially, Adcox was denied a hearing upon the magistrate's finding that state remedies had not been exhausted. This decision was overturned by the district court, however, and on February 26, 1988, an evidentiary hearing was held on Adcox's application for the writ. Following the hearing, the magistrate denied Adcox's petition for habeas relief on the ground that although Mr. Brady's representation of Adcox had been inadequate, Adcox had failed to meet his burden of showing ineffective assistance of counsel sufficient to render his guilty plea involuntary. The district court judge adopted the magistrate's recommendation and accordingly denied Adcox's petition. Adcox now appeals.

Adcox argues on appeal that his guilty plea was involuntary by reason of ineffective assistance of counsel because his attorney was not sufficiently prepared for trial and because Adcox feared that he would be sentenced to death should he be convicted. As a result, Adcox felt that he had no choice but to plead guilty. Furthermore, Adcox claims that his trial counsel coerced him into pleading guilty by emphasizing the possibility that he would receive the death penalty if he went to trial and that a trial would be damaging to his mother's health.

At the February 26, 1988 hearing, the magistrate heard evidence that Adcox's counsel, Walter Brady, had visited with Adcox five or six times in preparation for trial. Brady, however, failed to take depositions of any witnesses, failed to file the appropriate pleadings in order to have a

mental competency examination of Adcox, failed to obtain a copy of codefendant Molitor's trial transcript, failed to request rulings on pending motions before the state court, stated that his defense of Adcox would have been limited to cross-examination and "prayer," and asked on several occasions how he could contact "Mary" as a possible witness when "Mary" was the victim of the crime for which Adcox was charged. Furthermore, evidence was presented at the hearing that after entering his plea, Adcox was confused and upset and had been "taken off guard" by his decision to enter the plea.

■ In order to prevail on a claim that his guilty plea was rendered involuntary by his trial counsel's ineffectiveness, Adcox must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which has been held to apply to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In *Hill*, the Court stated:

> In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.

*Id.* at 59, 106 S.Ct. at 370. In other words, Adcox must show that his counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, he would have insisted on going to trial rather than plead guilty. *Id.* at 56–60, 106 S.Ct. at 369–371; *Bramlett v. Lockhart*, 876 F.2d 644, 647 (8th Cir.1989).

■ As previously stated, Adcox refers to several instances in which his counsel allegedly failed to provide adequate assistance, including counsel's failure to request a ruling on Adcox's motions to suppress his confession and to suppress physical evidence. The motion to suppress physical evidence stated that evidence was improperly seized at the time of his arrest and therefore was not admissible at trial. The motion to suppress the confession asserted that his confession was not knowing and voluntary because it was made without the required *Miranda* warnings and was given as a result of coercion and duress. Because Adcox's confession and the seized evidence were the central focus of the government's case, a favorable ruling on the motions may have led counsel to change his recommendation as to the guilty plea.

We, therefore, remand the case to the district court for consideration of Adcox's motions to suppress. If the court finds that the motions would have been granted, we ask the court to consider whether that ruling would have led Adcox's counsel to change his recommendation as to the guilty plea. The district court is then requested to certify its findings of fact and conclusions of law to this court. We retain jurisdiction of this appeal.