**John B. LONG, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 89-1874.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1991.

Decided July 5, 1991.

John B. Long, pro se.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and BRIGHT, Senior Circuit Judge.

PER CURIAM.

John B. Long, a Missouri prisoner, appeals from a final order entered in the

United States District Court[1] for the Western District of Missouri, dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus. For reversal, Long argues that (1) the state court's delay in ruling on his petition for post-conviction relief constituted a denial of due process, (2) his counsel was ineffective in failing to inform him that the victim had died and in misinforming him about the range of punishment, (3) his guilty plea was involuntary because of his lack of understanding as to the range of punishment, and (4) the information, by which he was charged, was defective because it did not mention Long's co-defendant by name. For the following reasons, we affirm the decision of the district court.

 We note initially that defects in post-conviction proceedings do not automatically render a prisoner's detention unlawful, nor do they raise constitutional questions cognizable in habeas proceedings. *Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 739, 107 L.Ed.2d 757 (1990). Therefore, Long's first ground for relief is without merit.

In order for Long to succeed in his claim that he received ineffective assistance of counsel in connection with his guilty plea, he must demonstrate that, but for counsel's errors, he would have insisted on going to trial rather than pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203 (1985); *Adcox v. O'Brien*, 899 F.2d 735, 737 (8th Cir.1990). The record indicates that Long's counsel advised him of the range of punishment; there were three eyewitnesses, including Long's co-defendant, who were willing to identify Long as the perpetrator; and Long, a felon with nine prior felony convictions, told the court he understood the range of punishment and was voluntarily pleading guilty because he had been offered a good deal. Having reviewed the record, we hold that Long has not shown that counsel was ineffective, nor

has he demonstrated that he was prejudiced by the alleged errors.

Finally, the record reveals that Long knew the name of his co-defendant, which indicates that he was not prejudiced by the omission of his co-defendant's name from the information. Moreover, the information followed the form published in the Missouri Approved Criminal Charges Handbook. Therefore, we hold that the information was not defective.

Accordingly, the order of the district court is affirmed. *See* 8th Cir.R. 47B.

---

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.