James Monroe BOHANAN, II *v.* STATE of Arkansas

CR 95-1180                                     939 S.W.2d 832

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*Karr & Hutchinson,* by: *Charles Karr,* for appellant.

*Winston Bryant,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, James Bohanan, was convicted of aggravated robbery and was sentenced to fifteen years in the Arkansas Department of Correction. The Court of Appeals affirmed his conviction and sentence in *Bohanan v. State,* CACR 94-227, (January 18, 1995). Within thirty days of the date the mandate was issued from the direct appeal, Bohanan filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. In the petition, Bohanan argued that he was entitled to relief because his counsel was ineffective, and because he suffered other constitutional violations during his trial. The Trial Court denied relief without a hearing. Because we find that the Trial Court's order is not in compliance with Rule 37.3(a), we reverse and remand.

In his petition, Bohanan argued that his counsel was ineffective at several different points during his trial. He contended that his attorney failed to file a motion for change of venue; that he failed to investigate several alibi witnesses supplied by Bohanan; that he failed to object to the introduction of a sleeping bag into evidence; that he failed to lodge several objections during the examination of witnesses; that counsel failed to request that the jury visit the restaurant that was the site of the robbery; and that he failed to move for a mistrial when the State attempted to introduce photocopies of the money that was stolen. Bohanan also argued that he was entitled to postconviction relief because there was an illegal search of his vehicle; because of prosecutorial misconduct; because of alleged jury tampering; and because his right to counsel was "constructively denied" as the result of frequent moves between detention facilities.

In response to Bohanan's petition, the State filed a brief with several affidavits in the Trial Court. The affidavits were apparently included to refute the allegations of jury tampering and the illegality of the search of Bohanan's vehicle. The Trial Court, without a hearing, denied relief in the following order:

> Now on this day came before the Court, Defendant's Petition for Rule 37 Relief, the State's response to the Petition and Memorandum in support, and Defendant's response. And, from the pleadings, the Court doth find and Order:

### I.

Defendant's Petition should be denied.

On appeal, Bohanan argues that the Trial Court erred in denying his petition without a hearing, and that he should have been appointed counsel to assist in his preparation of the Rule 37 petition. Also, Bohanan contends that the Trial Court erred in denying his ineffective assistance of counsel claims, and that the Trial Court should not have allowed the State to submit affidavits, in lieu of a hearing, in response to the petition for postconviction relief.

In response, the State contends that a hearing was not necessary because Bohanan failed to allege any prejudice in connection

with his ineffective assistance of counsel claims. Therefore, it was apparent from the face of the petition that a hearing was not warranted. The State further contends that, as a result of Bohanan's failure to allege prejudice, the Trial Court was correct to rule against him on the ineffective assistance of counsel claims, and that there was no reversible error in allowing the affidavits in lieu of a hearing. Finally, in response to Bohanan's claim involving the appointment of counsel, the State argues that there is no right to counsel in postconviction proceedings.

■ ■ We turn first to Bohanan's argument that the Trial Court erred in denying his petition without a hearing. Ark. R. Crim. P. 37.3(a) and Rule 37.3(c) together provide that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *See Schneider v. State*, 290 Ark. 454, 720 S.W.2d 709 (1986). The circuit court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Smith v. State*, 290 Ark. 90, 717 S.W.2d 193 (1986). Rule 37.3(a) provides that where the trial court concludes, without a hearing, that the petitioner is not entitled to relief, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." If the trial court fails to make these findings in accordance with the Rule, it is reversible error. *Morrison v. State*, 288 Ark. 636, 707 S.W.2d 323 (1986). If, however, the record before this court conclusively shows that the petition is without merit, we will affirm despite the circuit court's failure to make written findings. *Morrison, supra; Rawls v. State*, 264 Ark. 186, 569 S.W.2d 662 (1978).

■ As can be seen, the Trial Court did not make any written findings in its order. This is not in compliance with Rule 37.3(a). Furthermore, we are unable to affirm despite the absence of these findings because the record before us, which primarily consists of Bohanan's petition, the State's response, and Bohanan's reply, does not conclusively show that the petition is without merit. It may be that the trial record, which is not before us, supports the Trial Court's denial of the petition. If this is so, the

Trial Court must state its reliance on the trial record in its order. Accordingly, we reverse and remand the case to the Trial Court for the written findings required by Rule 37.3(a), and if additional evidence, beyond what is contained in the trial record, is needed to make these findings, an evidentiary hearing should be held pursuant to *Rule* 37.3(c).

Reversed and remanded.