Jimmy Don WOOTEN *v.* STATE of Arkansas

CR 98-73                                    1 S.W.3d 8

Supreme Court of Arkansas
Opinion delivered October 7, 1999

692

*James O. Clawson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Jimmy Don Wooten was convicted in the Pope County Circuit Court of capital murder, criminal attempt to commit murder, and aggravated assault. He was sentenced to death by lethal injection, thirty years' and six years' imprisonment, respectively. This court affirmed the judgment of conviction in *Wooten v. State*, 325 Ark. 510, 931 S.W.2d 408 (1996), *cert. denied*, 117 S. Ct. 979 (1997). Subsequent to this court's decision, Wooten filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied the petition, and Wooten appeals. For reversal, Wooten argues that the trial court erred in denying the petition without first holding a hearing on the matter. Our jurisdiction of this appeal is pursuant to Rule 37 and Ark. Sup. Ct. R. 1-2(a)(8). We reverse.

The pertinent facts were set out in the first appeal of this matter:

> On August 5, 1994, David LaSalle, Henry Teb Porter, and Molly Porter were hiking on a forest trail near the Long Pool recreation area in Pope County when they encountered appellant Jimmy Don Wooten. Wooten was riding a six-wheel all-terrain vehicle. At trial, Henry Porter testified that the group had three encounters with Wooten before he attacked them and shot David LaSalle. LaSalle died as a result of a single gunshot wound to the head. Porter also testified that Wooten shot him in the shoulder, forearm, and face, and that he was able to remove the key from Wooten's all-terrain vehicle before Wooten chased him into the woods. Molly Porter, Henry Porter's daughter, testified that Wooten shot LaSalle and shot her father and chased after him.

> On the day of the shooting, Wooten reported that an assailant who looked just like him had stolen his six-wheel vehicle while he was fishing near Long Pool and had shot at him using the .22-caliber pistol he had in the vehicle. Wooten claimed that he later found the vehicle with the gun abandoned by the side of the road near his truck. A .22-caliber bullet was recovered from David LaSalle's body. It was determined that Wooten's gun fired a spent .22-caliber cartridge found at the location where LaSalle and Porter were shot. In addition, swimming trunks found at Wooten's home matched Henry and Molly Porter's description of trunks worn by the assailant.

*Wooten*, 325 Ark. at 513, 931 S.W.2d at 409.

Following his conviction, Wooten filed a petition under Rule 37, alleging numerous instances in which his trial counsel had been ineffective. In its response, the State asserted that Wooten's petition should be denied because (1) it did not contain specific allegations of how counsel's alleged errors resulted in prejudice to Wooten, and (2) some of the grounds do not contain sufficient facts to determine whether a hearing was warranted. The trial court denied the petition. The trial court's order reflects:

1. That said petition should be, and hereby is denied.

2. That petitioner's grounds for relief, specifically grounds 4A through K, G1 and G2, do not present any allegations of

prejudice. That all of the above mentioned grounds do not present any factual allegations sufficient to determine whether a hearing is necessary.

3. That the Court adopts as its [sic] finds the response and arguments of the State of Arkansas to the Petition for Relief Under Arkansas Rules of Criminal Procedure, Rule 37.

On appeal, Wooten contends that the petition provided specific facts and sufficient details to support the allegations of error. He thus contends that the trial court erred in denying the petition without a hearing. While we do not agree that a hearing is necessarily warranted, we conclude that the trial court erred in failing to make written findings in support of its denial of the petition.

■■■■ Rule 37.3 provides in pertinent part:

(a) If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, *the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.*

. . . .

(c) When a petition is filed in the circuit court and the court does not dispose of the petition under subsection (a) hereof, the court shall cause notice of the filing thereof to be served on the prosecuting attorney and the petitioner's counsel of record at the trial court level; and on the petition the court shall grant prompt hearing with proceedings reported. [Emphasis added.]

This court has previously interpreted the foregoing rules to "provide that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief." *Bohanan v. State,* 327 Ark. 507, 510, 939 S.W.2d 832, 833 (1997) (*per curiam*) (citing *Schneider v. State,* 290 Ark. 454, 720 S.W.2d 709 (1986)). The trial court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Id.; Smith v. State,* 290 Ark. 90, 717 S.W.2d 193 (1986). Where the trial court concludes, with-

out a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the trial court to make written findings specifying the parts of the record that form the basis of the trial court's decision. *Bohanan*, 327 Ark. 507, 939 S.W.2d 832; *Smith v. State*, 300 Ark. 291, 778 S.W.2d 924 (1989). If the trial court fails to make such findings, it is reversible error, *unless* the record before this court conclusively shows that the petition is without merit. *Bohanan*, 327 Ark. 507, 939 S.W.2d 832. In short, while this court has affirmed the denial of Rule 37 petitions notwithstanding the trial court's failure to make written findings as required by Rule 37.3(a), we have done so only where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Bilyeu v. State*, 337 Ark. 304, 987 S.W.2d 277 (1999) (*per curiam*)(citing *Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988); *Smith*, 290 Ark. 90, 717 S.W.2d 193; *Rawls v. State*, 264 Ark. 954, 581 S.W.2d 311 (1979)).

■ ■ Rule 37.5, which became effective on August 1, 1997, provides the method for pursuing postconviction relief in death-penalty cases. Like Rule 37.3, Rule 37.5 provides that the trial court may decide the merits of a postconviction petition with or without holding a hearing. Rule 37.5(i) provides, in part, that if no hearing is held, the trial court shall "make specific written findings of fact with respect to each factual issue raised by the petition and specific written conclusions of law with respect to each legal issue raised by the petition." Rule 37.5 evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 1999), where the General Assembly expressly noted that the intent of the Act is to comply with federal law by instituting a comprehensive state-court review. *See* section 16-91-204; *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998) (*per curiam*). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. *Id.* Thus, "in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure that the denial rests on solid footing." *Id.* at 188-89, 964

S.W.2d at 185. Though Wooten received the death penalty, Rule 37.5 does not govern his postconviction review, as it came into effect after he became eligible to file a petition under Rule 37.2(c). *See* Rule 37.5(k). Nonetheless, we believe that the intent and purpose of that rule reinforces the responsibility of the trial court to make specific written findings and conclusions of law on each issue raised in the petition.

■ As can be seen from the order denying Wooten's petition, the trial judge did not comply with Rule 37.3(a), as he did not make any written findings in his order and did not specify what parts of the files or record were relied upon in denying Wooten's petition. Without these findings, we are unable to affirm because the record before us, which primarily consists of Wooten's petition, the State's response, and the trial court's order, does not conclusively show that the petition is without merit. Nor are we able to say that it is conclusive from the face of the petition that no relief is warranted. Moreover, we cannot tell from the record on appeal whether the trial court had an opportunity to review the trial record. It may be that the record of Wooten's trial, which is not before us, supports the trial court's denial of the petition. If this is the case, the trial court must state its reliance on the trial record in its order. Accordingly, we reverse and remand the case to the trial court for the written findings required by Rule 37.3(a), and if additional evidence, beyond what is contained in the trial record, is needed to make these findings, an evidentiary hearing should be held pursuant to Rule 37.3(c).