Cite as 2022 Ark. App. 58

# ARKANSAS COURT OF APPEALS
### DIVISION I
No. CR-21-9

|  |  |
|---|---|
| JOHN BRITT | **Opinion Delivered** February 9, 2022 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-16-2178] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BRAD KARREN, JUDGE |
| APPELLEE | |
|  | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

A Benton County jury convicted appellant John Britt of rape, and he was sentenced to forty years' imprisonment. This court affirmed his conviction on direct appeal. *Britt v. State*, 2019 Ark. App. 145, 573 S.W.3d 567. After the mandate was issued, Britt filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. The trial court convened what it referred to as "an oral argument" but ultimately denied Britt's petition without holding an evidentiary hearing. On appeal, Britt asserts that the trial court erred in denying his claims that he received ineffective assistance from trial counsel. Britt also argues that the trial court made several procedural errors, including denying his request for additional time to file an amended petition, denying his motion for a continuance of the oral argument along with another motion to file an amended petition, and denying his request for an evidentiary hearing. We reverse and remand.

## I. *Procedural History*

On January 30, 2017, the State filed charges against Britt for the rape of his teenage daughter, G.B. Prior to trial, Britt filed a motion for a *Daubert* hearing to challenge the admissibility of expert testimony regarding DNA evidence that was analyzed using Y-STR testing as opposed to the more commonly known autosomal DNA testing.[1] At the *Daubert* hearing, the defense presented the testimony of Mary Robinette, a retired DNA analyst who had worked at the Arkansas State Crime Laboratory for seventeen years. The State did not introduce expert testimony but cross-examined Robinette. Following the hearing, the trial court ruled that expert testimony on Y-STR testing was admissible.

At trial, G.B. testified that Britt forced her to perform oral sex on him and later engaged in vaginal intercourse with her. Byron Johncox, an officer with the Springdale Police Department, investigated G.B.'s allegations of rape, gathered potential evidence from the scene, and interviewed Britt. The State introduced testimony from two expert witnesses: Ada LeDoux, a former forensics serologist, and Julie Butler, the DNA analyst who performed Y-STR testing on G.B.'s vaginal swabs and a cutting from her pants. Butler compared the profiles obtained from those items to a known profile obtained from Britt and testified with respect to the resulting statistics. The defense did not present any expert testimony but cross-examined both Butler and LeDoux. At the conclusion of the trial, the jury convicted Britt of rape. During the sentencing phase, the defense introduced testimony from Britt's mother, his wife, and his stepbrother. As noted above, Britt's conviction was affirmed on direct appeal to this court. *See Britt*, *supra*.

---

[1]*Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993).

After our mandate was issued in March 2019, Britt timely filed a Rule 37 petition in May alleging that he had received ineffective assistance because trial counsel failed to make a proper *Daubert* challenge, failed to effectively cross-examine Butler, and failed to hire a DNA expert to testify at trial for the defense. In the petition and a separate motion, Britt requested an additional 120 days to amend the petition because recently retained counsel had not had adequate time to prepare. The trial court granted the motion.

On September 14—two weeks before the amended petition was due—Britt filed another motion to amend in which he sought an additional ninety days because his family was attempting to obtain funds to hire a DNA expert to conduct an independent review of the case. The trial court denied that motion, stating that it *could not* extend the time because of jurisdictional constraints. On September 26, Britt filed his amended petition within 120 days adding claims that trial counsel had ineffectively cross-examined Johncox and G.B. and had failed to present additional character witnesses during the sentencing phase.

In late November 2019, the trial court scheduled "an oral argument" on Britt's Rule 37 petition for January 14, 2020, to determine whether an evidentiary hearing would be necessary. One week before the oral argument, Britt requested a continuance because Mehul Anjaria, the DNA expert who had since been hired by Britt's family, needed additional material for his review before he could render an opinion. Britt contemporaneously filed another motion to amend in which he requested a ninety-day extension to allow time for Anjaria to complete his review such that Britt could include the expert's opinion in his amended petition.

At the oral argument, the trial court denied Britt's motions filed January 7 for a continuance and to amend his Rule 37 petition. The trial court pointed out that the oral argument had been set more than a month earlier and that the State would not have sufficient time to respond, citing the twenty-day response time under Ark. R. Crim. P. 37.2(f). In denying the motion to amend, the trial court ruled, in part, that Britt had failed to provide a legitimate justification for filing an *enlarged* petition.

The trial court then stated that it would hear argument on Britt's ineffective-assistance-of-counsel claims. Counsel began by referring to Anjaria's preliminary findings but was interrupted by the trial court and instructed that only allegations raised in the September 26 amended petition could be argued given that the other motions to amend had been denied. The trial court stated that Britt could proffer Anjaria's preliminary notes. The trial court then heard oral argument on each of Britt's claims and ruled from the bench that it was denying relief without an evidentiary hearing. The trial court later entered an order containing written findings of fact and conclusions of law.

## II. *Discussion*

### A. September 14 Motion to Amend

If an appeal is taken of a judgment of conviction, a petition for postconviction relief must be filed within sixty days of the date the mandate is issued by the appellate court. Ark. R. Crim. P. 37.2(c)(ii). Before the court acts on a Rule 37 petition, the petition may be amended with leave of the court. Ark. R. Crim. P. 37.2(e). Our standard of review as to the denial of leave to amend is abuse of discretion; we determine whether the trial court's decision was arbitrary or groundless. *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63.

4

Britt filed a timely petition for postconviction relief following the issuance of our mandate. After being granted a 120-day extension within which to amend his petition, Britt filed another motion to file an amended petition on September 14, 2019, which was denied by an order entered September 24. On January 14, 2020, the trial court pronounced from the bench that Britt's petition for postconviction relief was denied, but the trial court did not enter its order containing written findings until September 8.

Britt argues that the trial court erred in denying his September 14 motion to amend on the basis of jurisdictional constraints because the sixty-day period in Rule 37.2 pertains to the original petition, which was timely filed, and his motion to file an amended petition was filed before the trial court had reached a decision on his postconviction petition. Britt contends that the trial court, believing that it could not allow the amendment, thus exercised no discretion in the matter.[2] We generally presume that the trial court considered the appropriate factors in reaching discretionary decisions. *Hessee v. Simoff Horse Transp., LLC*, 2020 Ark. App. 229, 599 S.W.3d 694. This presumption, however, applies only in the absence of any showing to the contrary. *American States Ins. Co. v. Williams*, 2010 Ark. App. 840. We will not make such a presumption, for example, when it is apparent from the trial court's stated reasons that it acted under an erroneous conception of the applicable law. *See First Nat'l Bank of Lawrence Cnty. v. Higginbotham Funeral Serv., Inc.*, 36 Ark. App. 65, 818 S.W.2d 583 (1991) (Cracraft, C.J., dissenting) (quoting 5 C.J.S. *Appeal and Error* § 1564(8) (1958)). Although it is a heavy burden to establish that the trial court abused its discretion

---

[2]We note that the trial court had already permitted a 120-day extension to file an amended petition despite its pronouncement that it had no discretion to allow such amendment.

5

or failed to exercise its discretion, *Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680, the trial court here entered an order expressly finding that "because the time limitations set forth by Rule 37 are jurisdictional in nature, this Court cannot extend Petitioner's time to amend his petition." We agree with Britt that the trial court failed to exercise its discretion due to a misunderstanding of the law. Pursuant to Rule 37.2(e), the trial court had discretion to allow an amendment before the order denying relief was entered. Although the trial court later noted that the matter was discretionary, its revised reasoning for the ruling was not reduced to writing, and the written order was not subsequently modified. We reverse and remand for the trial court to exercise its discretion in the matter.

## B. January 7 Motions for Continuance and to Amend

Although filed separately, Britt's motions for a continuance and to file an amended petition were part and parcel of the overall relief he sought that day—a continuance for a ninety-day period to allow Anjaria to complete his review and issue an opinion to be included in an amended postconviction petition. Indeed, the trial court considered the motions as one, even conflating them, e.g., in terms of response times. Both motions are reviewed under an abuse-of-discretion standard on appeal. *See Brooks v. State*, 2019 Ark. App. 592, 591 S.W.3d 389; *Adams, supra.*

While we may not have found an abuse of discretion with respect to the denial of Britt's motion for a continuance, we cannot say the same for Britt's motion to file an amended petition. As noted above, the two motions were interdependent. Britt contends that the trial court erred in requiring a legitimate justification for filing an *enlarged* petition. He points out that he sought to file only an *amended* petition. We agree that the trial court

6

erred. The trial court's denial of Britt's motion to amend was based on a mischaracterization of his motion, which led to the trial court's application of an incorrect standard and a failure to exercise its discretion. *See Higginbotham*, *supra*.

The law makes a distinction between an amended petition and an enlarged petition. In *Butler v. State*, 367 Ark. 318, 239 S.W.3d 514 (2006), Butler had filed a pro se petition, and once he retained counsel, counsel moved to substitute a new petition for the pro se petition. The trial court denied counsel's motion due, in part, to Butler's failure to provide a legitimate ground or justification for the amendment. The supreme court reversed and remanded the denial and held that, unlike *Rowbottom*'s[3] requirements for filing an overlength, or enlarged, petition, Ark. R. Crim. P. 37.2(e) does not contain the same prerequisite that a petitioner provide a legitimate ground or justification to amend a petition; rather, it requires only that a petitioner file the motion for leave to amend before the trial court acts on the original petition.

Because we conclude that the trial court erred with respect to Britt's motion to file an amended petition, we reverse and remand for the trial court to exercise its discretion with the understanding that no legitimate ground or justification is required for what was a motion to file an amended, but not enlarged, petition.

C.  Denial of Evidentiary Hearing

Rule 37.3(a) of the Arkansas Rules of Criminal Procedure provides that "[i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of

---

[3]*Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000).

the files, or records that are relied upon to sustain the court's findings." If the trial court does not dispose of a petition pursuant to subsection (a), the trial court shall grant a hearing. Ark. R. Crim. P. 37.3(c). This court has previously interpreted Rule 37.3 to provide that "an *evidentiary hearing should be held* in a postconviction proceeding *unless* the files and record of the case conclusively show that the prisoner is entitled to no relief." *Wooten v. State*, 338 Ark. 691, 694, 1 S.W.3d 8, 10 (1999) (emphasis added) (quoting *Bohanan v. State*, 327 Ark. 507, 510, 939 S.W.2d 832, 833 (1997) (per curiam)).

Britt argues that the trial court erred in denying an evidentiary hearing because he made allegations of ineffective assistance of counsel that were sufficient to call for further development.[4] We need not address each of Britt's claims of ineffective assistance because we agree with a preliminary point made by Britt. Britt maintains that the trial court applied the wrong standard in denying his request for an evidentiary hearing. We agree that the trial court effectively placed the burden of showing entitlement to relief on Britt because the trial court, on more than one occasion, stated that Britt had not conclusively shown that he was entitled to relief. Accordingly, we reverse this decision. On remand, the trial court is instructed to determine whether the petition and the files and records of the case conclusively show that Britt is entitled to no relief pursuant to Rule 37.3(a). We reverse and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[4]Britt also argues that the trial court erred during the oral argument in not permitting him to raise arguments based on Anjaria's preliminary findings and in "forcing" him to proffer the expert's notes. We need not address this point, however, given the disposition of this case. After all, there is no requirement that the trial court hold an oral argument before it reaches a decision on a Rule 37 petition.

GLADWIN and WHITEAKER, JJ., agree.

*Craig Lambert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.